Pierrepont, J.
—It must be assumed that the facts are found in accordance with the evidence. The conclusions of law are supported by authority so far as relates to the facts stated in the fifth finding. (Raymond v. Reamard, 12 J. R. 274.)
As the suit was to recover the moneys which the plaintiff had paid and advanced to the defendant at his request, and as he, the defendant, was credited with all to which he had any title, the judgment must be affirmed, with costs.
Hoffman, J.
—It is insisted on behalf of the respondent (the plaintiff,) that we cannot hear this appeal at all; that the record does not entitle the appellant to review even the conclusions of law of the referee. The case having been referred to a referee to hear and decide all the issues, he made his decision, on which judgment was entered, in favor of the plaintiff. We have before us a record entitled, case on appeal, containing the pleadings, order of reference, the referee’s finding of facts and conclusions of law, exceptions of the defendant comprising objections to both, the judgment and notice of appeal. It is insisted that the appellant cannot question any conclusion of law, because there is no case containing all the evidence before us, and no evidence of its having been settled.
We are entitled to presume that it was settled.
I have always understood that a case or bill of excep *113 tions, as it may be termed, with the findings of fact, judgment, and exceptions to the conclusion of law, brings the case for review as to the latter, properly before the general term. The exceptions as to matters of fact are discarded, as the court has no evidence to judge of them. All exceptions to rulings, during the progress of the trial and before decision, are also excluded. There is, nakedly, a statement of facts like a special verdict, with a conclusion of law upon such facts, and the exceptions to this, the appeal brings up for review.
I do not understand any of the cases cited as settling a different rule; (Johnson v. Whitlock, 3 Kernan, 344; Smith v. Grant, 15 N. Y. Rep. 590; Connolly v. Connolly, 16 Howard Pr. Rep. 224; Magie v. Baker, 4 Kernan, 435;) and the last amendment of the Code appears expressly to recognize such a course. “ When a case on appeal shall have been heard and decided at the general term, upon the report of a referee and exceptions, without a case containing the evidence, the decision may be reviewed in like manner on appeal to the Court of Appeals.” This is the amendment to section 272, and is made applicable to appeals then pending. (§ 268.)
The question, therefore, and the only question before us is : has the referee drawn a correct conclusion from established and incontestable facts? That the appellant has included exceptions as to matters of fact, cannot prejudice his right to raise this question of law.
There can be no question that the demand of one of the engines provided to be made and delivered by the contract of January, 1857, stated in the fifth clause of the finding, entitles the plaintiff to treat the contract as broken for the four engines not delivered. The engagement was, to deliver them to Frazee, from time to time, as he should require the same. He demanded one, in January or February, 1858, and the delivery was refused. The case of Weston v. Barker, (12 John. Rep. 276,) is a sufficient authority to hold this contract broken, in toto; and that the defendant *114 is not entitled to retain, from the moneys advanced to him by Erazee, the cost price of the four engines not delivered..
But I have had a difficulty in relation to the deduction of $400, which he also has made on account of one engine not delivered under the eighth finding. This states a sale of two engines, at the price of $400 each, in January, 185*7, and a delivery of one on the 5th of March, 185*7. There is no statement of the terms' of this sale, the time of delivery, nor of any demand of the other. The referee considers that the violation of the contract in the 5th clause set forth, amounted in effect to a violation of this independent sale in the eighth clause. I do not see any connection between these contracts, and, beyond a doubt, the finding would be wholly insufficient by itself; and if that was the only contract, to put the defendant into default, (Weaver v. Sessions, 6 Taunton, 154,) at least a proffer of the price and demand should appear. (Dunham, v. Mann, 1 Selden Rep. 508.)
But I think there is a view of the case which meets the difficulty. The complaint sets forth various advances for the defendant in cash, notes, &c.; a defect in two engines delivered, and a demand resulting from the whole of such advances and claim, to the amount of $5,446.29; credit for engines, &c., delivered, work performed &c., to $3,205.82, and judgment demanded for the balance. The answer states the manufacture, sale t and delivery of engines, fixtures, &c., work done, money expended, &c., for Erazee, amounting to $5,614.0*7, and proceeds to say that the moneys and notes set forth in the complaint were paid and delivered to the defendant as part payment and security for such sum, except the Doolittle draft.
With this admission of the sums received from Erazee, the defendant is bound to make good his averment of the liquidation and payment of that amount, by means of advances or work done, or something delivered by him to Erazee, or for his use. He had been paid for the two engines. He should have proved that the other was *115 delivered, or showed something to excuse its delivery, and show why performance was not completed.
Judgment affirmed, with costs.