[No. 8,759. Department One.—March 31, 1885.]

TOWNSEND WOOD, RESPONDENT, v. CHARLES F. Mc DONALD, APPELLANT.

CLAIM AND DELIVERY—CONVERSION—DEMAND WHEN UNNECESSARY.—In an action to recover the possession of personal property, which originally came rightfully into the possession of the defendant, proof of any circumstance showing that a demand would have been unavailing, as a refusal by the defendant to listen to one, or a statement in advance that he will not deliver, is sufficient to excuse proof of a demand.

ID.—REFUSAL TO DELIVER.—In such action, proof of a demand is unnecessary, where the answer alleges that, had one been made, the defendant would have refused to deliver the possession.

ID.—DISCHARGE IN INSOLVENCY.—A discharge in insolvency is no defense to an action to recover the possession of personal property converted by the defendant.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The action was brought to recover possession of certain personal property, which originally came into the possession of the defendant as the agent of the plaintiff. In his answer, the defendant set up his discharge in insolvency from all debts and liabilities incurred prior to Nov. 4th, 1881. The present action was commenced Nov. 1st, 1881. The further facts are sufficiently stated in the opinion of the court.

*N. A. Dorn,* and *W. M. R. Parker,* for Appellant.

*S. F. Geil,* and *H. V. Morehouse,* for Respondent.

McKINSTRY, J.—This is an action to recover personal property. The court below gave judgment in favor of plaintiff for delivery, etc., and denied the defendant's motion for a new trial.

The appellant, defendant, makes three points:

*First,* it was not proved that plaintiff made demand for the property; *second,* the court below failed to find, upon the issue made by the defendant's averment in his answer, that he had been discharged from his debts in an insolvency proceeding; *third,* the court erred in sustaining the plaintiff's objection to the introduction in evidence of the certificate of discharge.

When property has come rightfully into the hands of the defendant, a demand for it, and a refusal to deliver it, are evidence of a conversion. The testimony of the witness as to demand, was: " I said to Mr. McDonald, who had previously wanted to buy the property, ' I want that feed and seed.' He then wanted me to give him one day, and he would buy it of me. I then said, ' I must have the feed and seed, or pay for it, by to-morrow '; and he said he would then raise the money and buy it from me ; and he never came to see me, or offered after that to buy it, and he refused to deliver the property to me."

It is not necessary to decide whether the foregoing testimony established a demand and refusal. Proof of any circumstance which would satisfy a jury that a demand would be unavailing —as a refusal by the defendant to listen to one, or a statement in advance that he will not deliver—will be sufficient to excuse

proof of a demand. (Wells, Repl. 373, and cases cited in note.) If there is proof that defendant had converted the property before or independent of the demand, such conversion—the material matter—will render the defendant liable. (*Bristol* v. *Burt*, 7 Johns. 257; *Gilmore* v. *Newton*, 9 Allen, 171.) "Conversion" is complete when the party in possession has appropriated the property as his own. The term does not imply any change in the condition of goods. (Wells, Repl. 351.) Thus, if one originally in the rightful possession of goods refuses to deliver them to the owner on demand, the refusal is evidence of a conversion, although the goods have neither been sold nor changed in form, but remain in possession of the wrong doer, *just as they were before*. The refusal to deliver is a declaration by the possessor that he has made up his mind to assert the property to be his own, or, at least, that he has determined not to return it. It would seem upon principle that evidence that he had so determined before the commencement of the action —such as evidence of his subsequent admission to that effect— should relieve the plaintiff of the necessity of proving demand and refusal.

In the case at bar, the defendant, in his answer, after alleging that the plaintiff did not demand possession of the property before the commencement of the action, avers: "Defendant says that he would have refused to deliver the possession of said property, if demand had been made for the same." And this averment is verified by the defendant's oath. It would be difficult to frame a more conclusive confession of a conversion prior to the beginning of the suit.

The second and third points of appellant may be considered together. The failure to find whether the defendant had been discharged of the claim asserted in this action is immaterial, if, as matter of law, the insolvent court could not, by its decree of discharge, transfer the title of plaintiff's property to the defendant, and prohibit the plaintiff from maintaining any action to recover it. The property here sued for never constituted any part of the insolvent's estate, to be distributed to creditors or otherwise disposed of through the proceedings in insolvency.

Judgment and order affirmed.

ROSS, J., and MCKEE, J., concurred.