[No. 13541. In Bank. — September 6, 1890.]

## C. E. CHATFIELD, RESPONDENT, *v.* D. D. WILLIAMS ET AL., APPELLANTS.

VENDOR AND PURCHASER — ACTION TO RECOVER PURCHASE-MONEY — TENDER — PLEADING — MOTION FOR JUDGMENT — AMENDMENT OF ANSWER. — In an action to recover money paid under a contract of defendants to cause certain land to be conveyed to the plaintiff, where the complaint alleged that the plaintiff, at the time named in the contract, tendered to defendants the purchase-money due, with interest, and demanded that defendants cause the lands to be conveyed to him, but that they refused to convey the same or return to plaintiff the money paid by him, and the answer failed properly to deny the allegation of tender, whereupon plaintiff moved for judgment upon the pleadings, defendants should be permitted to amend their answer by denying that any tender was made, and it is error to refuse to allow such amendment, where it appeared that the case was ready for trial nearly five months after the answer was filed; that no demurrer or motion to strike out was filed, and no notice that judgment on the pleadings would be asked was given until the parties announced themselves ready for trial, and there was an attempt to deny the allegation as to tender, and there is nothing in the record to show that the application to amend the answer was not made in good faith.

ID. — TENDER OF CONVEYANCE — DUTY OF VENDOR. — Under a contract to cause land to be conveyed by bargain and sale deed, to be paid for in installments, it is the duty of the vendor, on tender of the balance due under the contract, to execute and deliver a deed of conveyance to the purchaser, and the purchaser is not bound to tender to the vendor a conveyance for execution.

ID. — RESCISSION BY PURCHASER — PLEADING — NOTICE OF RESCISSION — DE-
MAND OF PURCHASE-MONEY. — Where the vendor under such a contract,
on tender of the balance of the purchase price, refuses or neglects to
convey, his default authorizes the vendee to treat the contract as at an
end, and to recover the money which has been paid; and it is not neces-
sary, in an action to recover the purchase-money, to allege or show that
plaintiff gave defendants notice of rescission, or that he demanded a
return of the amount already paid.

APPEAL from a judgment of the Superior Court of
Butte County.

The facts are stated in the opinion of the court.

*John Gale,* for Appellants.

*Gray & Sexton,* for Respondent.

PATERSON, J.—It is alleged in the complaint that
plaintiff and defendants entered into an agreement of
which the following is a copy:—

"BIGGS, CAL., March 29, 1888.

"Received from C. E. Chatfield three hundred dollars,
for which McDaniel & Co. agree to cause to be conveyed,
by bargain and sale deed, to said C. E. Chatfield, the fol-
lowing land in Butte County, California, shown on the
plat of Pitt's addition, and upon the terms following, to
wit: Lot No. one (1), containing 4.45 acres, in said Pitt's
addition to the town site of Biggs, as per map on file
with the recorder of Butte County, payable at Biggs, as
follows: $434.25 on or before October 1st, from date, with
eight per cent interest. Time is hereby expressly agreed
to be the essence of this agreement.

"McDANIEL & Co."

That plaintiff on October 1, 1888, tendered to defend-
ants said sum of $434.25, with interest, and demanded
that defendants cause the lands to be conveyed to him,
but they refused, and still neglect and refuse, to convey
the same or return to plaintiff the three hundred dollars
paid by him. The prayer is for a judgment for the sum
of three hundred dollars, with legal interest and costs.

The defendants, in their answer, admit the execution of the contract, but " deny that on the first day of October following plaintiff tendered to defendants the further sum of $434.25, with interest thereon from the twenty-ninth day of March, 1888, at eight per cent per annum, and demanded that defendants cause to be conveyed to him, by bargain and sale deed, the lands above described; that defendants failed, neglected, or refused to convey said property to the plaintiff, and still do fail, neglect, and refuse to convey the same, or to return to the plaintiff said sum of three hundred dollars paid by him on said contract." The bill of exceptions shows that the case was regularly set for trial on September 17, 1889; that on that day both parties appeared and announced themselves ready for trial; that upon the pleadings being read to the court, the plaintiff moved for judgment on the pleadings, on the ground that none of the material allegations of the complaint had been denied; that thereupon defendants asked permission to amend their answer by denying that any tender was made on October 1, 1888, or before, or at any time, and the court denied the motion.

We think the amendment ought to have been allowed. The answer was filed on April 28, 1889, and no demurrer or motion to strike out was filed, and no notice that judgment on the pleadings would be asked was given, until the parties announced themselves ready for trial, September 17th. There was an attempt to deny the allegation as to tender, and there is nothing in the record to show that it was not made in good faith. It does not appear that any delay would have been caused by the proposed amendment; but if there had been, the court could have required an immediate amendment, and imposed terms commensurate to the time and expense of the continuance. The denial is verified. It may be, as claimed by respondent, that the learned judge had reason to believe, from continuances and other pro-

ceedings, that the defendants were not acting in good faith. The trial judge very often can see from the maneuvers of a party in court that his object is delay, or to annoy his adversary, and recognizing his superior position for the detection of such tactics, we are always loth to interfere with the exercise of his discretion; but here there is nothing in the record to indicate that defendants were not trying to defend in good faith on a material issue, no affidavit of the plaintiff in opposition to the request, nothing in the bill showing any previous dilatory proceedings. Taking the record as we find it, and applying the rule of liberality in the allowance of amendments which has always prevailed in this state, we must reverse the judgment. (*Bank* v. *Stover*, 60 Cal. 387.)

As the case is going back for further proceedings, we may aid the court below by saying that the contention of appellant as to the sufficiency of the allegations of the complaint, in our opinion, are not well taken. The plaintiff was not bound to tender the defendants a conveyance for execution. It was the duty of the defendants, on tender of the balance due under the contract, to execute and deliver a deed of conveyance to plaintiffs. (*Camp* v. *Morse*, 5 Denio, 164.) Nor was it necessary to allege or show that plaintiff gave defendants notice of rescission, or that he demanded a return of the three hundred dollars. Where the vendor under such a contract, on tender of the balance of purchase price, refuses or neglects to convey, his default authorizes the vendee to treat the contract as at an end, and to recover the money which has been paid. (*Gillet* v. *Maynard*, 5 Johns. 85; *Van Benthuysen* v. *Crapser*, 8 Johns. 259; *Frost* v. *Smith*, 7 Bosw. 108.) Judgment reversed, and cause remanded, with directions to allow the defendants to amend their answer as to denials, but in no other respect.

BEATTY, C. J., WORKS, J., McFARLAND, J., FOX, J., and SHARPSTEIN, J., concurred.