[No. 14709.    Department One. — July 15, 1892.]

MATTIE H. MERRILL, APPELLANT, v. F. H. MERRILL, RESPONDENT.

VENDOR AND PURCHASER — RESCISSION OF CONTRACT — RECOVERY OF PURCHASE-MONEY PAID — PLEADING — EXCUSE FOR TENDER AND DEMAND — WITHDRAWAL OF ESCROW BY VENDOR. — A complaint, in an action to recover purchase-money paid under a contract for the purchase of land, need not allege a tender of the residue of the purchase-money, and a demand for a deed, if it shows a sufficient excuse for the omission, and where such complaint alleges that by the terms of the contract the deed to the land was placed in escrow, to be held until the final payments should be made, and that the vendor withdrew the deed from the holder thereof, and denied the right of the plaintiff to purchase under the contract, with intent to rescind the contract, it sufficiently shows that a tender of the balance of the purchase-money and a demand for the deed would have been of no avail, and entitles the plaintiff to the relief sought, as against a general demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Brousseau, Hatch & Thomas*, and *Waldo M. York*, for Appellant.

*Richard Dunnigan*, and *J. M. Voss*, for Respondent.

VANCLIEF, C. — On August 29, 1887, a written con-
tract was executed by and between F. H. Merrill, Otto
Froelich, and C. T. Hopkins, by the terms of which Mer-
rill agreed to sell to Froelich an undivided one-sixth
part in the south half of the northeast quarter and the
southeast quarter of section 21, township 2 south, range
13 west, San Bernadino base and meridian, known as the
"Merrill and Hancock tract," and "being the interest
to which said Merrill is entitled under the will of his
late father, Ed. Merrill, deceased, for the sum of twelve
thousand five hundred dollars, to be paid as follows":
$1,500 on the execution of the agreement, the receipt of
which is acknowleged; $1,500 in sixty days from date
of agreement; $4,750 in six months; and $4,750 in nine
months from date. The agreement then proceeds as
follows: "The deed of said lands from said Merrill to
said Froelich is placed herewith in escrow, with said
Hopkins, . . . . to be held by said Hopkins until the
final payments are made to said Merrill as above stated.
In case of the default in the payment of the sums of
money paid as herein named, . . . . then said sums of
money are to be considered forfeited by said Froelich
to said Merrill, and said Hopkins hereby agrees to re-
turn and deliver said deed to said Merrill. In the event
of the payment of the sums of money to said Merrill as
herein specified, then said Hopkins is to deliver said
deed to said Froelich, and said Hopkins hereby agrees
so to do. The proceedings now pending for distribu-
tion of said property to said Merrill, in the superior
court of Los Angeles County, state of California, are
hereby held in abeyance, and continue so till default
shall be made in this agreement, when said Merrill shall
be at liberty to revive said proceedings for such distri-
bution; but in case this contract is fulfilled according
to the terms above mentioned, then said proceedings
for distribution are to be dismissed."

It is averred in the complaint that in making this
agreement Froelich acted solely as agent for the plain-
tiff, and that it was made for her benefit alone, of which

defendant had notice at the time it was made; and that plaintiff paid to defendant the first two installments with her own money according to the agreement, of which defendant also had notice at the times those payments were made. The complaint then proceeds as follows: —

"5. That at the —— of the execution of the said contract, the said F. H. Merrill had no right or title in or to said lands described in said contract; that the said Froelich and said plaintiff did not know that the said defendant had no right or title to said lands, and the said Froelich and the said plaintiff believed that the said F. H. Merrill had the right and title to a one-sixth undivided interest in and to said lands.

"6. That on or about the first day of March, 1889, the said defendant reclaimed the deed mentioned in the said contract, which he had theretofore, in accordance with the terms of said contract, executed and placed in the hands of said Hopkins, in escrow, and rescinded the said contract, and denied the right of said Froelich and the said plaintiff to purchase the same under and by virtue of said contract; that the said defendant gave plaintiff no notice of his intention to rescind said contract, and did not at any time demand of plaintiff the balance due thereon, or any payment or payments thereon, and did not at any time tender to her or offer to deliver to her the said deed on the payment of the said balance due, and did not notify her that he had rescinded said contract, and plaintiff had no knowledge that defendant had rescinded said contract or taken back said deed until after the first day of March, 1889.

"7. That on the twenty-seventh day of March, 1888, the said F. H. Merrill acquired a one-sixth undivided interest in and to the tract of land described in said contract, and has been ever since that time and now is the owner thereof.

"8. That the said defendant, notwithstanding the facts aforesaid, has not repaid to plaintiff or the said Froelich the said sum of three thousand dollars, or any part thereof, but claims and asserts that the said three

thousand dollars has been forfeited to him, the said defendant, by the said plaintiff, and refuses to pay her or said Froelich the same or any part thereof.

"9. That since the said surrender of said deed by said Hopkins to said defendant, the said Froelich, by an instrument in writing, duly assigned, transferred, and set over to plaintiff whatever claim he, the said Froelich, had for the recovery of the said three thousand dollars, and all causes of action he might have against said defendant, relating thereto, or arising from or under said contract."

The prayer is, that plaintiff have judgment against the defendant for three thousand dollars and interest; that the judgment be declared a lien upon the land, and that the land be sold, etc.

The defendant demurred to this complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and as plaintiff elected to stand upon her complaint without amendment, gave judgment for defendant.

The appeal is from the judgment upon the judgment roll, and presents the question whether, as against a general demurrer, the complaint is sufficient to entitle the plaintiff to any relief whatever.

Some parts of the complaint are indefinite and uncertain, and apparently inconsistent with each other, but, exclusive of these, I think the complaint states a cause of action for the recovery of the purchase-money paid by plaintiff. The only ground upon which respondent's counsel undertake to justify the judgment is, that it is not averred in the complaint that plaintiff ever tendered payment of either of the last two installments of the purchase-money; and no doubt this point should be sustained, unless the complaint shows a sufficient excuse for having omitted to make such tender. In the leading case on this point, *Englander* v. *Rogers*, 41 Cal. 420, the court, by Crockett, J., said: "The covenants of the vendor and vendee were mutual and dependent, and neither

could put the other in default, except by tendering a performance on his own part, unless the other party either waived the tender, *or by his conduct rendered it unnecessary.* To entitle the plaintiff to maintain the action on the contract set out in the complaint, he should have averred a tender of the unpaid portion of the purchase-money, or *some sufficient excuse* for the omission to tender it." There is nothing in conflict with this in the case of *Dennis* v. *Strassburger,* 89 Cal. 588, cited by respondent. (See also *Drew* v. *Pedlar,* 87 Cal. 443; 22 Am. St. Rep. 257; *Newton* v. *Hall,* 90 Cal. 487.)

I think, as against a general demurrer, the sixth paragraph of the complaint shows a sufficient excuse for the omission of plaintiff to tender the purchase-money and demand a deed before the commencement of this action. The facts substantially alleged that defendant "reclaimed" (withdrew) the escrow deed from Hopkins, and denied the right of plaintiff to purchase under the contract, with intent to rescind the contract, show that a tender of the purchase-money and demand for the deed would have been of no avail. (*Dowd* v. *Clarke,* 54 Cal. 48.) In *Wood* v. *McDonald,* 66 Cal. 547, the court, by Mr. Justice McKinstry, said: "Proof of any circumstance which would satisfy a jury that a demand would be unavailing — as a refusal by the defendant to listen to one, or a statement in advance that he will not deliver — will be sufficient to excuse proof of a demand."

I think the judgment should be reversed, with leave to defendant to answer; and also with leave to plaintiff to amend her complaint if so advised.

BELCHER, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with leave to defendant to answer; and also with leave to plaintiff to amend her complaint if so advised.

GAROUTTE, J., HARRISON, J., PATERSON, J.