[14805. Department One.—May 13, 1893.]

JOHN BURNS, RESPONDENT, *v.* IDA M. SCOOFFY ET AL., DEFENDANTS. MANSFIELD LOVELL AND LALLAH S. HIGHTON, APPELLANTS.

SETTING ASIDE DEFAULT—EXCUSABLE NEGLECT—NECESSARY ABSENCE OF ATTORNEY.—A default should be set aside upon the ground of excusable neglect, with leave to answer, where an affidavit of merits on behalf of the defendant showed a good defense to the action, and where it appeared upon the motion that the defendant and her attorney resided about six hundred miles from the county where the action was pending; that before the expiration of the time for answering, and while the attorney of the defendant was engaged in drawing her answer, he received a telegram to the effect that his brother had been shot and

dangerously wounded, and that he at once went to his relief; that it was nec-
essary for him to stay with his brother for several days, and that during that
time his physical and mental condition was such, in consequence of the con-
dition of his brother, that he was unable to complete the answer in¹ time, and
that an extension of time was asked for and refused.

STATE SCHOOL LAND — CONTEST — PLEADING — ANSWER — DEMAND — APPROVAL OF
   APPLICATION — ORDER OF REFERENCE. — In an action by an applicant for the
   purchase of state school land, to contest the applications of the defendants to
   purchase the same lands, and have them declared invalid and of no effect, an
   answer by one of the defendants showing that his application was filed in the
   office of the surveyor-general upon a certain date, more than one year previous
   to the commencement of the action, but failing to aver that within six months
   thereafter be demanded an approval of his application, or made demand of an
   order of reference, or that a reference to a court had been made as provided by
   section 3498 of the Political Code, is insufficient and fatally defective. The
   application to purchase became void at the expiration of six months unless the
   action indicated was taken, and it was necessary to aver it to have been so taken.
ID. — STRIKING ANSWER FROM FILES FOR INSUFFICIENCY — AMENDMENT — INADVERT-
   ENCE OF ATTORNEY. — The trial court erred in ordering such answer to be
   stricken from the files on the ground of its insufficiency,'and in refusing to
   allow the defendant to file an amendment thereto to cure the defects therein,
   it appearing from the affidavits in support of the motion that the omission of
   the necessary allegations from the answer were in all probability an oversight
   on the part of the attorney who drew the pleading.
ID. — STRIKING OUT PLEADING SUSCEPTIBLE OF AMENDMENT. — To strike out a plead-
   ing, which is susceptible of being amended by a statement of facts known to
   exist, and which constitute a cause of action or defense to an action, is a harsh
   proceeding, and should only be resorted to in extreme cases.
ID. — LIBERALITY IN ALLOWING AMENDMENTS. — Great liberality should be shown by
   a trial court in permitting, where it can be done without working great delay,
   such amendments to pleadings as facilitate the production of all the facts bear-
   ing upon the questions involved in the action.·
ID. — REFUSAL OF PERMISSION TO ANSWER — VALID DEFENSE — CONTINUANCE — TERMS
   OF COMPENSATION TO PLAINTIFF. — To refuse permission to answer with a valid
   defense in hand can only be justified in the face of facts showing wilful neglect,
   inexcusable carelessness, or irreparable injury to the plaintiff; and it is no
   ground for refusing such permission that the new or amended answer would
   necessitate a continuance, as the court can impose terms to prevent an injury to
   the plaintiff, and compensate him for the detriment suffered in consequence
   thereof.

APPEAL from a judgment of the Superior Court of Del
Norte County.

The facts are stated in the opinion.

*Walter H. Linforth,* for Appellant, Lallah S. Highton.

The court erred in refusing to set aside the default of the
defendant. (*Plummer* v. *Brown,* 64 Cal. 430; *Demartin* v.
*Albert,* 68 Cal. 277; *Roland* v. *Kreyenhagen,* 18 Cal. 457;
*Buell* v. *Emerich,* 85 Cal. 116; *Malone* v. *Big Flat Gravel Min.*

Co., 93 Cal. 384; *Woodward* v. *Backus,* 20 Cal. 139; *Howe* v. *Independence Co.,* 29 Cal. 74; *Cameron* v. *Carroll,* 67 Cal. 500; *Chamberlin* v. *County of Del Norte,* 77 Cal. 150; *Fulweiler* v. *Mining Co.,* 83 Cal. 126; *Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 20; *Dougherty* v. *Nevada Bank,* 68 Cal. 276; *Lodtman* v. *Schluter,* 71 Cal. 94; *Wolff* v. *Canadian Pacific R'y Co.,* 89 Cal. 332; *Reidy* v. *Scott,* 53 Cal. 69; *Dodge* v. *Ridenour,* 62 Cal. 263.)

*Charles E. Wilson, R. W. Miller,* and *T. K. Wilson,* for Appellant, Mansfield Lovell.

An application to amend is always in time if it immediately follow an objection to a pleading. (*Valencia* v. *Couch,* 32 Cal. 344; 91 Am. Dec. 589; *Hutchinson* v. *Ainsworth,* 63 Cal. 287.) Nor is the fact that the new matter set up was known to the defendant when he filed his original answer, a good reason for refusing to allow the amendment. (*Pierson* v. *McCahill,* 22 Cal. 127; *Farmers' Nat. Bank* v. *Stover,* 60 Cal. 396; *Sharon* v. *Sharon,* 77 Cal. 105; *McPherson* v. *Weston,* 85 Cal. 93.) But if plaintiff found it necessary to adopt a different line of proof, he would have been entitled to a continuance. (*Tourtelott* v. *Tourtelott,* 4 Mass. 506.) The refusal to allow the proposed amendment was an abuse of discretion. (*Smith* v. *Yreka W. Co.,* 14 Cal. 202; *Lord* v. *Hopkins,* 30 Cal. 76; *Lower Kings River etc. Co.* v. *Kings River etc. Co.,* 67 Cal. 579; *Southern Pacific R. R. Co.* v. *Purcell,* 77 Cal. 72.) The amendment should have been permitted on such terms as the court might deem just and reasonable that the real question in controversy might be determined. (*Connalley* v. *Peck,* 3 Cal. 81; *Stringer* v. *Davis,* 30 Cal. 322; *Clark* v. *Phœnix Ins. Co.,* 36 Cal. 175; *Farmers' Nat. Bank* v. *Stover,* 60 Cal. 396; *Hutchinson* v. *Ainsworth,* 63 Cal. 287; *Sharon* v. *Sharon,* 77 Cal. 105; *Kirstein* v. *Madden,* 38 Cal. 163; *Cameron* v. *Carroll,* 67 Cal. 500; *Roland* v. *Kreyenhagen,* 18 Cal. 457; *Ward* v. *Clay,* 82 Cal. 509.)

*L. F. Cooper, L. F. Coburn,* and *Sawyer & Burnett,* for Respondent.

The granting or refusing to set aside a default rests in the discretion of the court below, and this court will not inter-

fere, except where such discretion has been abused. (*Garner* v. *Erlanger*, 86 Cal. 60; *Coleman* v. *Rankin*, 37 Cal. 247; *Gray* v. *Sabin*, 87 Cal. 212; *Bailey* v. *Taaffe*, 29 Cal. 422 : *Sweet* v. *Burdett*, 40 Cal. 97.)

SEARLS, C.—This is an appeal by Mansfield Lovell and Lallah S. Highton, two of the defendants in the above-entitled cause, from a judgment in favor of the plaintiff. John Burns instituted the action against Ada M. Scooffy, Lallah S. Highton, Edith Cook, Mansfield Lovell, Robert T. Cottingham, Nelson R. Doolittle, and Harry J. Gray, to establish his right to purchase from the state of California the north half of section 35 (school land), in township 14 north, range 1 east, Humboldt meridian, and to have like applications of the defendants and each of them, to purchase from said state, declared invalid and of no effect. The time for answer by the defendant, Lallah S. Highton, expired January 19, 1891, and no answer having been filed, her default was entered January 20, 1891. A motion to set aside the default with leave to answer was refused by the court, and judgment entered in favor of plaintiff. I am of opinion the showing on the motion to set aside the default made out a clear case of excusable neglect.

Defendant and her attorney resided in San Francisco, some six hundred miles from Crescent City, in the county of Del Norte, where the action was pending, and several days are required to make the journey between the two points. On the thirteenth day of January, and while the attorney of defendant was engaged in drawing her answer, he received a telegram to the effect that his brother had been shot and dangerously wounded. He at once went to his relief. A surgical operation was rendered necessary, and the brother being among strangers, the attorney staid at his bedside for several days, during which time, as he avers under oath, his physical and mental condition was such, in consequence of the condition of his brother, that he was unable to complete the answer in time. He did, however, send a request for a short extension of time to answer, which was refused, and which refusal he learned when too late to answer.

If there are in the profession men who upon learning that a

brother has been dangerously wounded by a would-be assassin, and who upon being called upon to go to his relief "with a carriage and a doctor," fail to do so, and subordinate the duties of humanity and the ties of kinship to the urgency of professional engagements, they are probably few in number, and it is to be hoped their number will decrease.

If the case was not one of commendable neglect, it was at least a case of *excusable neglect.*

The affidavit of Henry E. Highton on behalf of defendant shows a state of facts which, if established, constitutes a valid cause of action and defense on the part of the defendant Highton as against the plaintiff.

Had the application been made at an earlier day, and had it been accompanied by the proposed answer, it would certainly have commended itself more strongly to our sense of justice. The delay did not, however, extend beyond the statutory period of six months, within which the court is authorized to intervene, and the difficulty of communication with the place of trial affords some excuse for a delay which under other circumstances might be regarded as fatal to the application for relief.

Defendant Lovell answered in due time, setting out his application to purchase the land in dispute, and showing that his application was filed in the office of the surveyor-general March 27, 1889, but failed to aver that within six months thereafter he demanded an approval of his application, or made a demand of an order of reference, or that a reference to a court had been had as required by section 3498 of the Political Code. On motion of plaintiff's counsel his answer was for this cause stricken out. As the application to purchase became void at the expiration of six months, unless the action indicated was taken, it was necessary to aver it to have been so taken, and without it the answer was fatally defective. After the motion to strike out, and before judgment, defendant asked leave to file an amendment to the answer, to be verified by one of the attorneys, then and there averring upon information and belief, that Lovell on the twenty-sixth day of September, 1889, did demand of the surveyor-general an approval of his application to purchase, etc. Pending the hearing of the motion, attorneys for defendants offered, if the proposed amendment was deemed in-

sufficient by reason of being on information and belief, instead of positive and as within the knowledge of defendant, to answer in positive form, if given time to send the answer to defendant for verification, who was at San Francisco, and not present in court, all of which was refused. The affidavits in support of the motion showed that the omission of the allegations from the answer was in all probability an oversight on the part of the attorney who drew the pleading. Experience shows that in the attainment of justice by resort to judicial tribunals, amendments to pleadings are of ever recurring necessity; and the tendency of judicial decision should be, and is, towards liberality in permitting, where it can be done without working great delay, such amendments as facilitate the production of all the facts bearing upon the questions involved.

Our code looks to liberality in this matter, and the action of our courts tends in the same direction. To strike out a pleading, which is susceptible of being amended by a statement of facts known to exist, and which constitute a cause of action or defense to an action, is a harsh proceeding, and should only be resorted to in extreme cases. To refuse permission to answer with a valid defense in hand can only be justified in the face of facts showing wilful neglect, inexcusable carelessness, or irreparable injury to plaintiff.

The drift of opinion in this court from an early date has favored a broad liberality rather than severely technical tendencies on this subject. (*Connalley* v. *Peck*, 3 Cal. 75; *Tyron* v. *Sutton*, 13 Cal. 494; 73 Am. Dec. 593; *Peters* v. *Foss*, 16 Cal. 357; *Lestrade* v. *Barth*, 19 Cal. 660; *Hooper* v. *Wells, Fargo & Co.*, 27 Cal. 35; 85 Am. Dec. 211; *Pierson* v. *McCahill*, 22 Cal. 127; *Stringer* v. *Davis*, 30 Cal. 318; *Kirstein* v. *Madden*, 38 Cal. 158; *Farmers' Nat. Bank* v. *Stover*, 60 Cal. 395; *Sharon* v. *Sharon*, 77 Cal. 105; *Southern Pacific R. R. Co.* v. *Purcell*, 77 Cal. 72; *McPherson* v. *Weston*, 85 Cal. 93; *Chatfield* v. *Williams*, 85 Cal. 518.) The case last cited, *Chatfield* v. *Williams*, is in most respects similar to this. There, as here, the answer had been on file for months, without demurrer or motion to strike out, and no notice was given until the parties were ready for trial upon the merits. In that case the amendment sought did not necessitate a continuance, while here it

would have done so. In commenting upon that point, however, the court said : —

"It does not appear that any delay would have been caused by the proposed amendment; but if there had been, the court could have required an immediate amendment and imposed terms commensurate to the time and expense of the continuance."

These remarks of the court are pertinent to the case in hand, and had the court allowed the amendment upon such terms as would have compensated plaintiff for all the detriment he suffered in consequence thereof, it might properly have been said in response to any objection that the mistakes and misfortunes of defendant or his attorneys should not result in injury to plaintiff.

I am of opinion the judgment appealed from should be reversed, and the court below directed to permit the defendant, Lallah S. Highton, to file her answer, and the defendant, Mansfield Lovell, to amend his answer by setting up in positive terms, and not upon information or belief, the allegations set out in his proffered amendment.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, and the court below is directed to permit the defendant, Lallah S. Highton, to file her answer within thirty days after filing remittitur, and the defendant, Mansfield Lovell, to amend his answer by setting up in positive terms the allegations set out in his proffered amendment.

HARRISON, J., GAROUTTE, J., MCFARLAND, J.

Hearing in Bank denied.