[No. 19319. Department One.—April 27, 1894.]

MATTIE H. MERRILL, RESPONDENT, v. F. H. MERRILL, APPELLANT.

VENDOR AND PURCHASER—RESCISSION OF CONTRACT—RECOVERY BACK OF PURCHASE MONEY PAID—PLEADING—APPEAL—LAW OF CASE.—In an action by a purchaser to recover back the part of the purchase money which was paid to the vendor upon a contract for the sale of real estate, upon the ground that the vendor had rescinded the contract, where the complaint upon a second appeal stands exactly as it stood when the action was before the court upon a prior appeal, the decision upon the first appeal that the complaint stated a cause of action for the recovery of the purchase money becomes the law of the case upon the second appeal.

ID.—QUESTION OF FACT—FINDINGS.—Whether or not there was a rescission of a contract of purchase is a question of fact, and is the ultimate and fundamental fact in an action to recover back the purchase money paid, the finding upon which inevitably points the judgment.

ID.—IMMATERIAL OMISSION TO FIND.—Where a finding made is determinative of the judgment, an omission to find upon allegation of the

complaint pertaining to probative facts, and to issues rendered immaterial by the finding made, is not ground for a reversal of the judgment.

ID.—READINESS OF PLAINTIFF TO FULFILL CONTRACT—PLEADING—EVIDENCE.—It is not necessary in order to entitle a purchaser to recover back purchase money paid under a rescinded contract of purchase, that the complaint should state that the plaintiff was ready, able, and willing to carry out the terms of the contract, and no evidence need be introduced at the trial to prove that fact.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. F. Henning,* for Appellant.

*John D. Pope,* for Respondent.

GAROUTTE, J.—This is an action by the respondent, vendee, to recover back a sum of money paid to the appellant, vendor, as a partial payment upon the purchase price of a certain tract of realty under a contract of sale. Respondent made no tender of the balance due, and demanded no deed, but alleged in her complaint that defendant rescinded the contract, and she bases her right of recovery upon the alleged acts constituting the rescission. She recovered judgment in the trial court, and this appeal is taken from that order, and from the order denying a motion for a new trial.

This case has once been before the court (95 Cal. 334), upon an appeal involving the sufficiency of the complaint in stating a cause of action. In the decision of the court in that case it was decided that, while the complaint was not perfect as an example of correct pleading, still sufficient was stated therein to constitute a cause of action for the recovery of the money paid the defendant, and this view was taken by the court upon the ground that the conduct of defendant was such as to put him in default under the contract, and that such default gave plaintiff an immediate right of action to recover the money paid. It was in effect held that the

acts alleged in the complaint constituted a rescission of the contract upon the part of the defendant. The complaint now stands exactly as it stood when before the court upon the prior appeal, and it necessarily follows that the law of the case is established to the effect that a cause of action is stated therein.

Upon the trial the court made the following finding of fact: " On the eighth day of March, 1888, the defendant elected to rescind said contract, and did rescind the same by reason of the failure of plaintiff and of the said Froelich, her agent, to make the third payment under said contract, and defendant on said day notified said Froelich in writing that he had rescinded said contract." This finding of the court is in line with that allegation of the complaint considered upon the previous appeal, and, if it has support in the evidence, would seem to establish a right of recovery. Without making a detailed review of the evidence found in the record bearing upon this question, it is enough to say that the two letters written by defendant to Hopkins and Froelich are sufficient in themselves to justify the aforesaid finding of fact. Whether or not there was a rescission of the contract was the contested and fundamental point in the case. It was a question of fact. It was the ultimate fact in the case, and its determination inevitably pointed the judgment.

It is claimed that certain allegations of the complaint are not found upon by the court. Conceding such to be the fact, the allegations referred to pertain to probative facts entirely, and findings upon those issues become immaterial in view of the finding that there was a rescission of the contract. ( *Windhaus* v. *Bootz*, 92 Cal. 617.) Appellant insists that, in order to entitle respondent to recover, the complaint should have stated that she was ready, able, and willing to carry out the terms of the contract, and that she should have introduced evidence at the trial to support such an allegation. The law of the case is to the contrary, and the past decisions of this court oppose this contention.

(See *Shively* v. *Semi-Tropic Land and Water Co.*, 99 Cal. 259, and cases there cited.)   We see nothing sufficiently contradictory between the allegations of the complaint and the findings, or between the findings themselves, to justify another trial of this action.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

Harrison, J., and Paterson, J., concurred.