[Civ. No. 1098. First Appellate District.—November 2, 1912.]

NORA SMITH, Respondent, v. VICTOR JACCARD, Appellant.

APPEAL FROM JUDGMENT—NEW METHOD—TIME FOR FILING REPORTER'S TRANSCRIPT—DIRECTORY PROVISION—ABSENCE OF PENALTY.—Upon an appeal from the judgment taken under the new method embodied in section 953a of the Code of Civil Procedure, where the appellant requested a reporter's transcript, and the court ordered the same to be prepared and filed, it became the duty of the reporter to prepare and file the same within twenty days; yet it is held that the time limited for filing the same is directory, and not jurisdictional, since no penalty is attached, either under the statute or the rules of the court, to the failure of the reporter to file the same within the time limited.

ID.—DUTY OF APPELLANT AS TO TRANSCRIPT—QUESTION OF DILIGENCE—DISCRETION.—It is the duty of the appellant, as the moving party, to take the necessary steps to secure the filing of the transcript; and for want of diligence in such matter, it is within the power of the trial court to terminate his proceedings for procuring the

same; yet the determination of the question whether or not there has been due diligence in such matter, is one lying largely in the discretion of the trial court, with which the appellate court will not interfere, unless there has been an abuse of discretion. It is held that the trial court did not abuse its discretion in overruling objections to the transcript, and certifying to its correctness.

ID.—NEW METHOD—PREPARING TRANSCRIPT—CONSTRUCTION OF CODE PROVISIONS — PROCEEDINGS NOT JURISDICTIONAL.—The purpose of section 953a, in connection with sections 953b and 953c, is to provide a method for preparing the record or transcript to be filed in the proper appellate court in support of the appeal. None of the proceedings therein prescribed are jurisdictional to the appeal. (By the supreme court, on denying rehearing.)

ID.—ALTERNATIVE METHODS OF APPEAL—DELAY IN FILING TRANSCRIPT— QUESTION OF DILIGENCE—DISMISSAL—JURISDICTION.—An appeal may be taken either in the manner provided by sections 940 and 941 of the Code of Civil Procedure, or in that provided in sections 941a, 941b and 941c of that code. When properly taken by either method, the appellate court has jurisdiction of the appeal, even if no transcript on appeal is ever filed to support it. It may dismiss the appeal for delay in filing the transcript; but such dismissal will be for want of diligence in prosecuting the appeal; and not for lack of jurisdiction of the appeal. (By the supreme court, on denying rehearing.)

ID.—PROCEEDINGS UNDER NEW METHOD IN AID OF APPEAL—QUESTION OF DILIGENCE—DETERMINATION IN APPELLATE COURT.—The proceedings under the new method provided in section 953a of the Code of Civil Procedure are in aid of the appeal, and the final determination of the question whether they have been diligently prosecuted must remain in the appellate court to which the appeal is properly taken. (By the supreme court, on denying rehearing.)

ID.—PLEADING—COMPLAINT IN TWO COUNTS—SUFFICIENT CAUSE OF ACTION—GENERAL DEMURRER.—Where the complaint was in two counts, one upon a contract of sale upon conditions, and a second for money had and received, and specific objections were urged to the sufficiency of each count, but a general demurrer was to the entire complaint, and not to each count, it is held sufficient to sustain the complaint, if either count states a cause of action.

ID.—PLEADING—LEGAL EFFECT OF CONDITIONS OF CONTRACT—ABSENCE OF KNOWN RULE.—It is held that there is no known rule requiring the pleader, in counting upon a contract according to the legal effect thereof, to allege that the conditions stated are all of the conditions of the contract. Where it does not appear upon the face of the complaint that there are other conditions, it will not be assumed upon demurrer that there are others.

ID.—ACTION TO RECOVER DEPOSIT UNDER CONTRACT OF SALE—PLEADING
AND FINDING OF RESCISSION—DEFECT IN TITLE IMMATERIAL.—In an
action to recover a deposit under a contract of sale, where the com-
plaint alleges that defendant rescinded the sale, and informed plain-
tiff that he would not convey the land upon receipt of the balance
of the purchase money, it shows the right of the plaintiff to a
return of the deposit, and a finding in favor of the plaintiff thereon
establishes his right to recover the same. The sufficiency of other
allegations as to a defect in the title, not passed upon, but which
had been claimed as insufficient upon demurrer, is immaterial.

ID.—EVIDENCE—LOST INSTRUMENT OF SALE BY AGENTS—LETTER OF
OWNER.—Where the instrument authorizing the sale of the land by
agents is shown to have been lost, a letter of the owner stating his
willingness to sell the land, is admissible to fix the time of the giving
of the authorization.

ID.—CORPORATION—ORDINARY BUSINESS—WRITING UNDER CORPORATE
SEAL NOT REQUIRED.—It is not necessary that the ordinary every-day
business of a corporation shall be evidenced by a writing under the
seal of the corporation.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. J. Trabucco, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellant.

Stoney, Rouleau & Stoney, and Orville C. Pratt, Jr., for Re-
spondent.

HALL, J.—This is an appeal from a judgment in favor of
plaintiff, taken by defendant according to the method pre-
scribed by section 953a of the Code of Civil Procedure.

It is claimed by respondent that this court cannot consider
upon this appeal anything contained in the reporter's tran-
script, because such transcript was not filed with the clerk
within twenty days from the time notice requiring said tran-
script was filed with the clerk, as provided in section 953a of
the Code of Civil Procedure.

Appellant filed his motion requiring the transcript on Au-
gust 17, 1911, and gave the bond for the cost thereof as
required by the clerk. Forty-eight days thereafter, on Octo-
ber 4, 1911, respondent gave notice of a motion to terminate

the proceedings to obtain such transcript, on the ground that no such transcript had been filed, nor any extension of time obtained for filing the same.

Upon a hearing—the transcript having been filed in the mean time—the court denied this motion; and thereafter, over the objection of the respondent upon the same grounds, certified to the correctness of such transcript, and included therein the proceedings on such motion and objection.

Section 953a of the Code of Civil Procedure provides that the appellant shall file his notice of appeal with the clerk, requesting that a transcript of the proceedings at the trial be prepared. It further provides that upon receiving such notice it shall be the duty of the court to require the stenographic reporter to transcribe the phonographic report of the trial, and that the reporter shall, within twenty days after said notice has been filed with the clerk, prepare a transcript of the proceedings and shall file the same with the clerk.

Neither in the statute nor in the rules of the court is any penalty prescribed for the failure of the reporter to file such transcript within twenty days. We think it perfectly clear that the provision as to the time for filing such transcript is merely directory, and the failure of the reporter to file such transcript within the time allowed is not jurisdictional. It is doubtless the duty of the appellant, as the moving party, to take the necessary steps to secure the filing of such transcript, and for want of diligence in such matter on his part it is within the power of the trial court to terminate his proceedings for procuring such transcript. The determination of the question as to whether or not there has been due diligence in such matter is one largely lying in the discretion of the trial court, with which the appellate court will not interfere unless it appears that the court in its action has abused its discretion. (*Galbraith* v. *Lowe,* 142 Cal. 295, [75 Pac. 831], and cases there cited.)

Especially will this court abide by the action of the trial court when it tends to a determination of the appeal upon its merits. Without going into the facts shown upon the hearing of the motion to terminate the proceedings in the case, it is sufficient to say that we do not think that the court abused its discretion in denying respondent's motion, or in certifying to the correctness of the transcript. We therefore

shall consider the reporter's transcript as a proper part of the record on this appeal.

The action was brought by plaintiff to recover of defendant the sum of $865, alleged to have been paid by plaintiff to defendant as a deposit upon the purchase price of a piece of land, which it was alleged defendant had agreed to sell to plaintiff for the sum of one thousand nine hundred dollars.

The complaint is in two counts, and defendant filed a demurrer thereto as a whole, which was by the court overruled. Defendant answered, and upon trial the court made findings in favor of plaintiff, and rendered judgment as prayed for.

The first point urged by appellant is that the complaint does not state a cause of action, in that the second count, which is for money had and received, contains no allegation of nonpayment; and that the first count, while it alleges the making of a contract of sale containing certain conditions, does not allege that they were all the conditions of the contract, nor does it set out the contract in terms. As the demurrer was to the entire complaint and not to each count thereof, it is sufficient if either count states a cause of action.

We know of no rule requiring the pleader, in counting upon a contract according to its legal effect, to allege that the conditions stated are all of the conditions of the contract. If not appearing upon the face of the complaint that there are other conditions, it will not be assumed upon demurrer that there are others.

It is further claimed that the first count is fatally defective, in that it does not sufficiently allege that the title to defendant's land was actually defective so as to entitle plaintiff to a return of her deposit, but only that a title insurance company had so reported it, and that even the facts reported by the title insurance company, if true, did not show a defect in the title.

In answer to this contention it is sufficient to say that the count also alleges that "defendant . . . rescinded the sale, and informed plaintiff that he would not convey the land to plaintiff upon receipt of the balance of the purchase money." This, if true, entitled plaintiff to a return of her deposit money. (*Chatfield* v. *Williams*, 85 Cal. 518, [24 Pac. 839]; *Merrill* v. *Merrill*, 95 Cal. 334, [30 Pac. 542]; *Merrill* v. *Mer-*

*rill,* 102 Cal. 317, [36 Pac. 675] ; *Wood* v. *McDonald,* 66 Cal.
546, [6 Pac. 542].) .

The court, upon a conflict of evidence, found in favor of
plaintiff on this point, which makes the ruling of the court
upon the demurrer, so far as it attacks, specially or otherwise,
the allegations as to the supposed defect in the title imma-
terial.

Appellant claims that the court erred in several particulars
to the prejudice of the defendant during the course of the
trial.

It was shown that defendant, who was in Oroville at the
commencement of the transaction involved in this action, au-
thorized Healey & Gillespie, a corporation, by a written in-
strument to sell for him a certain piece of land situate in San
Francisco for the net price of one thousand seven hundred
dollars, with power to receive a deposit on such sale. The
instrument being shown to have been lost, its contents were
proven by Healey, who was the president of the corporation
and transacted its business. The court, over the objection of
defendant, admitted in evidence a letter, signed and sent by
defendant to Healey & Gillespie, under date of December 28,
1909, in which defendant stated his willingness to sell the land
in question for one thousand seven hundred and fifty dollars
net cash. In this the court did not err. The letter was ad-
missible as fixing the time at which the authorization relied
on was given, the exact date of which could not be shown,
except that it was given subsequently to this letter and before
the sale that was in fact made.

The evidence tended to show that on the fourth day of Feb-
ruary, 1910, ''Healey & Gillespie,'' as agent for defendant,
made an agreement to sell to plaintiff the land in question for
the sum of one thousand nine hundred dollars. This agree-
ment was evidenced by a writing signed by ''Healey & Gil-
lespie'' as agent for defendant, and acknowledged the receipt
of five hundred dollars as a deposit on account of the sale,
and gave thirty days' time for a search of title, and allowed
ninety days for the correction of defects. Plaintiff testified
that she in fact paid to said Healey said five hundred dollars
at the execution of such agreement. Healey, who transacted
the business with plaintiff, however, sent an agreement of sale
to defendant of the same date as the one given plaintiff, but

differing therefrom only in that it acknowledged the receipt of two hundred dollars and stated the selling price as one thousand seven hundred dollars net to the seller. This was signed by the defendant in person and returned to Healey. At the bottom thereof it contained a memorandum whereby the purchaser agreed to purchase the property on the terms stated in the body of the writing, which Healey signed "Nora Smith, purchaser, by Healey & Gillespie."

Subsequently, February 24, 1910, Healey, by representing to plaintiff that defendant was in need of money, induced her to make a further payment of $365, and thereupon destroyed the writing that he had originally given her, and gave her a new writing dated February 24, 1910, acknowledging the receipt of $865 on the purchase price of said land, but in other respects it was a duplicate of the original receipt and contract given plaintiff. At least such was the testimony of plaintiff. This instrument was signed: "Victor Jaccard, owner, by Healey & Gillespie, agent," and a memorandum at the bottom thereof, agreeing to purchase on the terms stated, was signed by plaintiff.

Both these writings were received in evidence over the objection of appellant that neither of them purported to be signed by a corporation.

This objection was properly overruled. The instrument dated February 4, 1910, was signed by defendant in person. The one dated February 24, 1910, described Healey & Gillespie as a corporation, and it was signed in the corporate name by Healey, who transacted the business of the corporation. It is no longer held to be necessary that the ordinary every day transactions of a corporation be evidenced by a writing attested with the corporate seal.

Appellant in his brief discusses some other reasons why he thinks these instruments should not have been admitted in evidence, but the only objection that he pointed out to the trial court was the one above disposed of. It is too late to raise objection to evidence not presented to the trial court.

Appellant also claims that there was a fatal variance between the allegations and the proof as to the contract of sale.

The allegation is that on or about the twenty-fourth day of February, 1910, defendant agreed in writing to sell to plaintiff the land in question for one thousand nine hundred dol-

lars.  The denial in the answer upon this allegation only
raises an issue as to the amount for which the sale was made.
The proof shows that the agreement was in fact made on the
fourth day of February, for a sale for one thousand nine hun-
dred dollars, at which time five hundred dollars was paid.
On February 24, 1910, an additional payment of $365 was
made, and the first instrument destroyed and a new one given
to the same effect.   Whether or not these be considered as
two different contracts, or simply as the same contract, is
quite immaterial to the determination of the merits of the
case. · The complaint does not set out any particular instru-
ment as containing the contract.   It is certain that the money
sued for was paid as a deposit on one and the same sale, and
that after plaintiff had paid the money to the authorized
agent of defendant the defendant, as found by the court, re-
scinded the sale, and informed plaintiff that he would not
consummate the same.   This, as we have before shown, en-
titled the purchaser to a return of her money.

Under this finding it is immaterial that the action was com-
menced before the expiration of the time allowed to cure the
title.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on December 30, 1912, and the following
opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this cause
in the supreme court is denied.

The district court of appeal, in its opinion, says that section
953a of the Code of Civil Procedure ''provides that the appel-
lant shall file his notice of appeal with the clerk.''  This section
has been misapprehended by some practitioners, and lest there
be further misapprehension by reason of this language we
take this occasion to correct it.

Section 953a does not provide at all for a notice of appeal.
The purpose of that section, in connection with sections 953b
and 953c, is to provide a method of preparing the record or
transcript to be filed in the proper appellate court in support

of the appeal. None of the proceedings there prescribed are jurisdictional to the appeal.

The appeal may be taken either in the manner provided by sections 940 and 941 of the Code of Civil Procedure, or in that provided by sections 941a, 941b, and 941c of the Code of Civil Procedure. When properly taken by either method, the appellate court to which it is taken has jurisdiction of the appeal, even if no transcript on appeal is ever filed to support it. It may dismiss such appeal for delay in filing the transcript. But such dismissal will be a dismissal for want of diligence in prosecuting it, and not a dismissal for lack of jurisdiction of the appeal.

Whether the *superior* court may, or may not, dismiss proceedings to obtain a record taken under section 953a, on the ground that such proceedings have not been diligently prosecuted, we need not say, but it is obvious that such proceedings are in aid of the appeal, and for no other purpose, and that the final determination of the question whether they have been diligently prosecuted must remain in the appellate court to which the appeal is properly taken.