[Sac. No. 2751. In Bank.—August 7, 1919.]

JULIUS LEMLE, Appellant, v. MARY M. BARRY et al., Respondents.

[1] VENDOR 'AND VENDEE — CONTRACT OF SALE — ATTEMPTED ABANDONMENT—REMEDIES.—Where under a contract of sale the conveyance of the title and the payment of the price are dependent and concurrent conditions, and the vendors, upon the vendee's default, attempt to abandon the contract, without tendering the vendee a good and sufficient deed, the vendee may at his election consider the contract terminated and sue for the recovery of the money paid, or consider the contract in force and sue for damages for the breach, but he cannot have both remedies.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Reversed.

The facts are stated in the opinion of the court.

Theodore A. Bell for Appellant.

Frank Freeman and Frank L. Hatch for Respondents.

WILBUR, J.—This is an action between the same parties as in *Lemle* v. *Barry, post*, p. 6, [183 Pac. 148]. By stipulation of the parties both cases were submitted at the same time and upon the same briefs. In a written stipulation filed by the parties it is stated that the questions involved in the two cases "are identical." In the petition for transfer to this court respondents state that this is the same case as Sac. No. 2676. The appellant, however, claims that in Sac. No. 2676 "he was entitled to recover from the respondents the payment made by him upon the execution of the agreement of July 3, 1912, and in his second action (Sac. No. 2751) to recover damages for

breach of said contract," basing his contention upon the same principle of law in both instances. In the transcript on appeal in one case the second amended complaint alone is brought to this court, and in the other the amended complaint. The original complaint is not brought up in the record. It appears, however, from the dates in the two cases that while both complaints are based in large part upon the same facts, that the case now under consideration is a separate and distinct suit in which plaintiff seeks to recover fifty thousand dollars damages for the breach of the written contract, more particularly referred to in the opinion in *Lemle* v. *Barry, supra.* The facts alleged in the two complaints are substantially identical, and, so far as necessary, are set out in the above-mentioned opinion, save that in this action for damages it is alleged not only that the plaintiff has fully performed each and every covenant contained in his said agreement by him to be performed, but that he has at all times been ready, willing, and able to pay to the vendors the one-half of the full purchase price of said premises, and to deliver the note and mortgage called for by the contract, and that he has been ready to perform each and every covenant and condition of said agreement by him to be performed in the event that the vendors had corrected, removed, or remedied the defects in their title and were able to convey to the plaintiff a fee-simple title. In lieu of the allegations contained in the action to recover the purchase money, to the effect that the plaintiff had demanded a return of the five thousand dollars, it is alleged in this action that the defendants at all times since June 4, 1913, the date of the service of the notice that the contract was terminated, have failed and refused to correct the defect or to convey or to offer to plaintiff a good, sufficient, or merchantable title to said land. As the parties have failed to make any distinction between the two actions or base any claim upon that distinction, it seems unnecessary for us to discuss at any length such differences. It seems to be agreed by the parties that both decisions should be either affirmed or reversed. **[1]** It should be noted, however, that the remedies in the two cases are quite distinct and wholly inconsistent and that the plaintiff cannot have both remedies. (*McGibbon* v. *Schmidt,* 172 Cal. 70, [155 Pac. 460] ; 3 Elliott on Contracts, sec. 2097.) The action to recover the purchase money is based upon the theory that by the conduct of the vendors, acquiesced in by the vendee, the contract had been terminated, and the action is in the nature of

one for money had and received, namely, money paid to the vendors for which, in view of the termination of the contract, the vendee has received no consideration. This is clearly pointed out in the case of *Thomas* v. *Pacific Beach Co.*, 115 Cal. 136, [46 Pac. 899], which involved the application of the statute of limitations. It was there held that such an action was not an action upon the contract. (See, also, *Shively* v. *Semi-Tropic Land etc. Co.*, 99 Cal. 259, [33 Pac. 848]; *Joyce* v. *Shafer,* 97 Cal. 335, [32 Pac. 320]; *Aikman* v. *Sanborn,* 5 Cal. Unrep. 961, [52 Pac. 729]; *Heilig* v. *Parlin,* 134 Cal. 99, [66 Pac. 186].) On the contrary, the action for a breach of contract is one based upon the contract. (*Ahlers* v. *Smiley,* 163 Cal. 200, [124 Pac. 827].)

As we have held in Sacramento No. 2676, when the final payment became due it was essential for the vendors to tender a deed in order to put the vendee in default and to enforce a forfeiture. It is also true that it is necessary for the vendee to tender the purchase money in order to put the vendors in default (*Townsend* v. *Tufts,* 95 Cal. 257–261, [29 Am. St. Rep. 107, 30 Pac. 528], *Leach* v. *Rowley,* 138 Cal. 709–716, [72 Pac. 403] , *Sausalito etc. Co.* v. *Sausalito Imp. Co.,* 166 Cal. 302–308, [136 Pac. 57]), unless such tender was excused under all the circumstances. (*Merrill* v. *Merrill,* 95 Cal. 334, [30 Pac. 542]; S. C., 102 Cal. 317, [36 Pac. 675]; 38 Cyc. 135.)

It is a matter of some doubt, which is not discussed by the parties, whether the general allegations of the complaint sufficiently allege either a tender or a sufficient excuse for a failure to make a tender. (See *Lynn* v. *Knob Hill Imp. Co.*, 177 Cal. 56, [169 Pac. 1009].) In view of the fact that the parties concede that both cases should be determined in the same way by reversal or affirmance, and that the plaintiff cannot recover in both cases, and that the recovery in each case would be substantially the same and that the other case must be reversed for the reasons stated in the opinion, it follows that this judgment should also be reversed.

Judgment reversed.

Lennon, J., Angellotti, C. J., Lawlor, J., and Melvin, J., concurred.

SHAW, J.—I concur in the judgment.

The complaint does not allege that the plaintiff ever tendered to the defendants the one-half of the price that was to

be paid upon the execution of the deed. The contract set forth in the complaint shows that the agreement of the defendants to convey the title and that of the plaintiff to pay the first half of the price upon such conveyance were dependent and concurrent covenants. In this respect the case differs from *Glock* v. *Howard,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], where the payment of the price was made a condition *precedent* to the right to demand a deed. What is said in that case on the subject must be considered with this difference in mind. But under the contract here involved a tender would be necessary as a condition precedent to the accrual of a cause of action for damages against a vendor for a refusal to convey. , This is the cause of action stated in the complaint. Such tender may be rendered unnecessary, however, by the conduct of the vendors, and where this occurs the tender is excused and the action will lie without it. The question is discussed at length in *Gray* v. *Dougherty,* 25 Cal. 278. It is there said that where the vendee "by any adversary steps makes it known that he does not intend to observe and perform his covenant except upon compulsion, thus in effect refusing in advance of a demand, neither law nor equity imposes upon the vendee the observance of a ceremony thus made idle and fruitless." (Page 280.) In this case the complaint avers that the defendants gave notice to the plaintiff that they had declared the contract rights of plaintiff forfeited and that the contract was terminated. This was notice in advance that they would not perform, and under the rule above stated, it absolved the plaintiff from the necessity of making a tender of payment and demand for a deed in order to put the defendants in default and lay a foundation for the action. (See, also, 39 Cyc. 1562; *Merrill* v. *Hexter,* 52 Or. 138, [94 Pac. 972, 96 Pac. 865] ; *Sharp* v. *West,* 150 Fed. 461; 2 Warvelle on Vendors, sec. 756.) For these reasons I believe the complaint stated a good cause of action and that the court erred in sustaining a demurrer thereto.

It appears from the reference in the opinion of Justice Wilbur to case No. 2676 between the same parties, that the plaintiff is at the same time pursuing two remedies against the defendants, based on the same transaction; one to recover the price paid, upon the theory that there has been a rescission or abandonment, the other to recover damages for the breach of the covenant to convey. In view of this fact, it seems proper

to say that the two remedies are inconsistent and that a recovery cannot be allowed in both actions.    (*McGibbon* v. *Schmidt*, 172 Cal. 75, [155 Pac. 460], and cases there cited.)   When the defendant wrongfully repudiated the contract of sale, the plaintiff had his election, either to consider it rescinded and sue for the part of the price he had paid, or to consider it still in force and sue for damages caused by the breach.   When a contract is rescinded, it ceases to exist.  If the action to rescind or an action based on an alleged rescission or abandonment is successful, the contract is forever ended and its covenants cannot thereafter be enforced by any action.  If it fails because the alleged rescission did not take place, it has been held that the prosecution of such action does not bar a subsequent action for damages for breach of the contract or to enforce the contract specifically.  (*Zimmerman* v. *Robinson*, 128 Iowa, 72, [5 Ann. Cas. 960, 102 N. W. 814] ; *Harrill* v. *Davis*, 168 Fed. 187, [22 L. R. A. (N. S.) 1152, and note, 94 C. C. A. 47] ; *Bunch* v. *Grave*, 111 Ind. 351, [12 N. E. 514] ; *Clark* v. *Heath*, 101 Me. 530, [8 L. R. A. (N. S.) 144, and note, 64 Atl. 913].) But if the facts exist which justify a rescission by one party, and he exercises his right and declares a rescission in some effectual manner, he terminates the contract, and it cannot thereafter be made the basis of an action for damages caused by a breach of its covenants.  The questions that may arise under such a dilemma are not presented upon this appeal, for the record in neither case shows the pendency of the other action and the court cannot take judicial notice of it.  The matter is mentioned in order to call the attention of the parties to the conditions that may arise in the subsequent progress of the two cases.

Olney, J., concurred.