[No. 15081.  Department One.—April 25, 1894.]

# LUCY A. ARMSTRONG, RESPONDENT, *v.* JUAN M. LUCO, APPELLANT.

NEGLIGENCE—DEFECTIVE DRAINING OF WASTE WATER—INJURY TO ADJOINING PROPRIETOR.—The owner of a lot is liable to the owner of an adjoining lot for damage done by defective drainage pipes used in carrying away water from the roof of his building, and waste water coming from the building, where he has knowledge, or the fair means of knowledge, of such defects.

ID.—NOTICE OF DEFECTS—QUESTION OF FACT.—Whether the owner of the lot upon which the defective drainage pipes are used has knowledge, or fair means of knowledge, of the defects, is a question of fact for the jury to determine, and its determination will not be reviewed upon appeal where there is evidence to sustain the verdict.

ID.—DUTY OF OWNER TO CONVEY WATER TO SEWER.—The water upon a city lot arising from rain, or from any cause originating on the lot, should be conducted by the owner thereof, if he wishes to have it removed, directly from it to a sewer or other place for the receipt and discharge of the same, and not turned or led onto an adjoining lot without the consent of the owner.

ID.—COLLECTION OF RAIN WATER—OBLIGATION FOR SUFFICIENCY OF PIPES. When the owner of premises collects the water which naturally falls upon the same, and conducts it by a pipe to his drain, he undertakes that his pipes shall be sufficient, and shall continue so, as to an adjoining neighbor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*I. N. Thorne,* for Appellant.

As it does not appear, from the evidence of plaintiff, that the water flowing from defendant's lot was the proximate cause of the injury the nonsuit should have been granted. (*Taylor* v. *Baldwin,* 78 Cal. 517; *Durgin* v. *Neal,* 82 Cal. 595; Civ. Code, sec. 3333; *Milwaukee C. R. Co.* v. *Hunter,* 11 Wis. 160; 78 Am. Dec. 699; *Anderson* v. *Taylor,* 56 Cal. 131; 38 Am. St. Rep. 52.)  Defendant did not know of the injury up to the time of the excavation, and therefore he is not liable, but the case is *damnum absque injuria.* (*Pixley* v. *Clark,* 35 N. Y. 520; 91 Am. Dec. 72; *Chadwick* v. *Trower,* 6 Bing., N. C., 1; *Acton*

v. *Blundell,* 12 Mees. & W. 324.)   If water did flow into the excavation made by plaintiff it was her business, under the circumstances, to have erected a barrier to keep out the natural seepage from the lot above hers, unless the defendant had accumulated water on his lot from exterior sources and allowed it to flow onto her lot to her injury. (*Smith* v. *Kenrick,* 7 Com. B. 515; 1 Thompson on Negligence, 40.)

*Joseph M. Nougues,* for Respondent.

Where one's property is injured by the percolation of water beneath the surface, or the flow of water upon the surface of land, he who causes the injury is responsible. (*Bellows* v. *Sackett,* 15 Barb. 96; *Shipley* v. *Fifty Associates,* 106 Mass. 194; 8 Am. Rep. 318; Cooley on Torts, 2d ed., p. 674; Wood on Nuisances, sec. 121, p. 121; *Jutte* v. *Hughes,* 67 N. Y. 267.)   A person must so regulate and grade his own lot that the water which falls or accumulates upon it shall not run upon the lot of his neighbor. (*Bentz* v. *Armstrong,* 8 Watts & S. 40; 42 Am. Dec. 265; *Kauffman* v. *Griesemer,* 26 Pa. St. 407, and note; 67 Am. Dec. 437.)   He is bound to provide that the rain falling upon his lot is carried away from the neighboring wall, and that the drains are sufficient. (*Whitney* v. *Sanders,* 3 Pittsb. Rep. 226.)   The question of defendant's negligence was a question for the jury to determine from the evidence under the instructions of the court. (*Turner* v. *Tuolumne Co. Water Co.,* 25 Cal. 397.)

GAROUTTE, J.—Armstrong and Luco own adjoining lots and houses on Washington street, San Francisco. The street has a steep grade, and plaintiff Armstrong's lot is the lower lot. Defendant Luco's lot adjacent to his house is covered with planking. It is claimed by plaintiff that, owing to the defective manner in which this planking was laid, and the defective drainage pipes used in carrying away the water from the roof of the building, and also used in carrying away the waste

water coming from the building, that the foundation of her building has been weakened and destroyed, and thereby she has been damaged in the sum of three thousand dollars. Upon issue joined trial was had, and by the verdict of a jury plaintiff was awarded eight hundred dollars damages. This appeal is from the judgment and order denying a motion for a new trial.

The following instructions of the court seem to fairly cover the law applicable to the facts of the case. The appellant makes no serious complaint as to the soundness of the legal principles stated; neither do we see valid objection to be urged against them.

1. "If you should find that the damage was done, and that it was occasioned by the instrumentality of these alleged defective drains and pipes, then I ask you to pass on and determine from the evidence whether the defendant had actual knowledge of the defective condition of his premises that resulted in the injury to the plaintiff, if any. If you find that he did not have actual knowledge, I will ask you then to find whether he had the fair means of knowledge, that is, were the circumstances of the case such that a person situated as the defendant was could not, with reasonable care and observation, have escaped the knowledge of these defects; for, if defendant had no knowledge and no fair means of knowledge, he is not responsible; but the question of whether he had knowledge or the means of knowledge I leave to you as a fact to be determined in the case.

2. "The water upon each lot in a city, arising from rain, or from any cause originating on the lot, such as a spring or cause of that kind, should be conducted by the owner thereof, if he wishes to have it removed, directly from it to a sewer or other place appropriate for the receipt and discharge of the same, and not be turned or led onto an adjoining lot without the consent of the owner. No person has the right to relieve his own land from standing water, or prevent its accumulation thereon by discharging it upon the land of

his neighbor.    When the owner of premises collects the water which naturally falls upon the same into a place, and conducts it from there by a pipe to his drain, he undertakes that his pipe shall be both sufficient, and shall continue so, as to the adjoining owner."

Appellant's main insistence is, that the evidence is insufficient to support the verdict.    It is claimed that the evidence does not sufficiently indicate that water from defendant's lot did the injury to plaintiff's building, and it is also claimed that the amount of damages assessed by the jury was not proven by the evidence. Both of these elements of the case were matters of fact eminently proper for a jury to pass upon.    The jury did pass upon them, and we are not disposed to disturb the verdict in these regards.    It is evident that the water did injury to plaintiff's property, and we cannot say from the evidence that the damages are excessive.

It is further insisted that defendant had no knowledge of the existence of any defect in his drainage and sewer pipes that might result in injury to plaintiff's property.    Conceding defendant had no actual knowledge of the defects, still the court properly instructed the jury that, if he had fair means of knowledge of such defects, then he was equally liable for the injury done. The question as to his fair means of knowledge was a matter of fact which the jury determined against him, and we think justly so determined.

For the foregoing reasons, it is ordered that the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.