[S. F. No. 67.   Department One.—March 11, 1896.]

ALFRED A. DUNCANSON, RESPONDENT, *v.* W. G. WALTON ET AL., APPELLANTS.

VENDOR AND PURCHASER—VIOLATION OF CONTRACT BY VENDORS—ACTION BY PURCHASER— MONEY HAD AND RECEIVED. — Where vendors who had jointly agreed to sell lots to several purchasers, upon monthly payments, payable at the office of their agents, disagreed between themselves, and one of them gave notice to each of the purchasers to make no more payments under the contract until further notice, and the other vendor notified them each to make payments only to him, and the agents of the vendors to whom the money was payable under the terms of the contracts refused to receive payments thereunder, such action constituted a violation of the contracts by the vendors, and sufficiently indicated to the purchasers that the vendors would no longer be bound by the terms of the contracts, and one of the purchasers, to whom the other purchasers had assigned their several rights of action, may maintain an action for money had and received by the vendors, to recover the moneys paid under the contracts by the several purchasers.

APPEAL from a judgment of the Superior Court of Alameda County.   W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*Blake, Williams & Harrison,* and *Benjamin Romaine,* for Appellants.

Defendants broke no material covenant in refusing to accept the payments, and did nothing amounting to a rescission. (*Fountain* v. *Semi-Tropic etc. Co.,* 99 Cal. 677; *Joyce* v. *Shafer,* 97 Cal. 335; *Honson* v. *Slaven,* 98 Cal. 377; *Shively* v. *Semi-Tropic etc. Co.,* 99 Cal. 261; Benjamin on Sales, sec. 568; *Smoot's case,* 15 Wall. 36; *Bettini* v. *Gye,* L. R. 1 Q. B. Div. 183; *McTague* v. *Sea Isle etc. Assn.,* 57 N. J. L. 427; *Greenberg* v. *California Bituminous Rock Co.,* 107 Cal. 667.)

*R. M. Fitzgerald,* and *Carl H. Abbott,* for Respondent.

The refusal of the vendors to receive the purchase money according to the agreement entitled the vendees to rescind. (*Gray* v. *Dougherty,* 25 Cal. 266; *Drew* v. *Pedlar,* 87 Cal. 443; 22 Am. St. Rep. 257; *Phelps* v. *Brown,* 95 Cal. 572; *Easton* v. *Cressey,* 100 Cal. 75; *Cleary* v. *Folger,* 84 Cal. 316; 18 Am. St. Rep. 187; *Shively* v. *Semi-Tropic etc. Co.,* 99 Cal. 259; *Shaw* v. *Republic Life Ins. Co.,* 69 N. Y. 286.)

THE COURT.—The plaintiff and his assignors entered into separate agreements with the defendants for the purchase of certain lots of land, by which they were to pay a certain portion of the purchase price at the dates of the agreements, and other installments thereafter monthly, until the whole price should be paid, at which time the defendants were to execute a conveyance of the lands. After several monthly payments had been made, differences appear to have arisen between the defendants in regard to the land, and notices were sent to the plaintiff and to his assignors by the defendant Walton, directing them not to make any more payments on the agreement until further notice; and from the defendant Shclper, not to make payments to anyone but to him. In the agreements it had been provided that the money should be paid at the office of McGarvie & Co. in San Francisco, and notices were also sent by

McGarvie & Co. not to pay any more money until further notice. McGarvie & Co. also refused to receive the money when it was tendered to them. Thereupon, the present action was brought to recover the amount of the payments that had been made by the plaintiff and his assignors. The court rendered judgment in favor of the plaintiffs, and the defendants have appealed, upon the ground that the findings are not sustained by the evidence. The complaint is in the form of an action for money had and received, and the findings are to the same effect.

The evidence before the court was ample to justify it in finding that the defendants had violated their agreement, and had sufficiently indicated to the purchasers that they would no longer be bound by its terms. The provision in the agreements that the purchasers should pay the monthly installments to the defendants implied a corresponding agreement on the part of the defendants that they would receive these payments when they should be tendered; and the further provision that the money should be payable at the office of McGarvie & Co. carried with it an agreement on the part of the defendants that the payments might be made to McGarvie & Co. The subsequent direction to the purchasers not to make any more payments until further notice, and the refusal of McGarvie & Co. to receive the money when it was tendered, was evidence from which the court was authorized to find that the defendants had refused any longer to be bound by the agreements, and, as a consequence, that the purchasers were entitled to a return of the money already paid. The direction not to make any more payments until further notice was given in September, 1892, and the present action was not commenced until May, 1893, and it was not shown that any further notice had been given, or that the defendants had made any qualification of the directions given in September.

The provision in the agreement that the money should be paid to both of the defendants would author-

ize a payment to either, and the notice by the defendant Shelper to the purchasers that they should pay the money to him alone was in repudiation of this provision as well as of that which made it payable at the office of McGarvie & Co.

The proposition of the appellants that it does not appear that these notices were sent to the plaintiff and to one of his assignors is without merit. The plaintiff produced the notices to himself and to his assignors at the trial, and the genuineness of the signatures was admitted by the defendants.

The judgment is affirmed.

Hearing in Bank denied.

111 519
s117 579

111 519
e128 244

111 519
143 138

[S. F. No. 309. Department One.—March 11, 1896.