[Civ. No. 672. Second Appellate District.—July 21, 1909.]

## J. E. CARTER, Appellant, v. EDWIN R. FOX, Respondent.

CONTRACT TO SELL LAND—TIME OF ESSENCE—DEPENDENT COVENANTS—
DEFAULT AND INABILITY OF VENDOR—FAILURE OF CONSIDERATION—
ACTION FOR PURCHASE MONEY PAID.—Where a contract for the sale
of land required an advance payment, and that the residue should
be paid upon the execution and delivery of the deed within ninety
days, conveying a good title free of encumbrances, and making
time of the essence, the covenants for the residue of the price and
the deed were mutual and dependent, and where the vendor was in
default and unable to perform within the time limited, the pur-
chaser was entitled to recover back the purchase money paid, without
tender of the residue of the price, on the ground of total failure
of the consideration therefor, and the provision for time of the
essence does not apply to such action.

ID.—PLAINTIFF NOT IN DEFAULT—RIGHT TO DISAFFIRM FOR DEFAULT OF
VENDOR.—Defendant having failed and refused to convey the prop-
erty within the time specified, as to which covenant time was expressly
made the chief factor of importance, the plaintiff, not being in
default, had a legal right to disaffirm and insist upon the repay-
ment of the part purchase money received by the vendor.

ID.—FORMAL RESCISSION OF CONTRACT NOT A PREREQUISITE TO RECOVERY.
A formal rescission of the contract of sale was not a prerequisite
to plaintiff's right to recover back the purchase money. Plaintiff
having received nothing of value from the defendant, there was
nothing to restore. It was not necessary to offer to restore or can-
cel the contract as a condition precedent to the right to recover
the money paid.

ID.—ABANDONMENT OF CONTRACT BY VENDOR—END OF CONTRACT—RE-
SCISSION BY CONSENT—IMPLIED PROMISE.—The vendor having
broken his contract, the purchaser may treat it as abandoned and
may himself abandon it and treat it as ended, and recover back
the purchase money paid as upon an implied promise; and in such
case the action of the parties constitutes a rescission of the con-
tract by mutual consent, within the meaning of subdivision 5 of
section 1089 of the Civil Code, and the judgment is a bar to any
other action, the contract being rendered incapable of enforcement.

ID.—ESTOPPEL OF VENDOR.—It would be inequitable and unjust to per-
mit the vendor, who has completely failed to keep his contract or
to furnish any consideration for the purchase money, to retain the
same, and he has no more right to keep it than he would have to
enforce specific performance of the contract against the plaintiff.

Id.—Reversal of Judgment upon Findings—Immaterial Findings.—
The findings that the appellant has failed to rescind and cancel the
contract of purchase or to tender the residue of the purchase price
are immaterial; and the remainder of the findings being sufficient
to sustain the right of appellant to recover the purchase money
paid, the judgment against such right will be reversed, with direc-
tion to the court to enter judgment for appellant upon the findings
therefor.

APPEAL from a judgment of the Superior Court of Los
Angeles County. George H. Hatton, Judge.

The facts are stated in the opinion of the court.

Chas. Silent, for Appellant.

Hutton & Williams, Lucius M. Fall, and Webster Davis,
for Respondent.

SHAW, J.—On September 8, 1905, plaintiff and defendant
entered into a written contract whereby defendant agreed to
sell and convey to plaintiff, and the latter agreed to buy, cer-
tain real estate therein fully described. According to the
terms of the contract, the consideration for the purchase was
$10,000, payable as follows: $2,000 cash, upon the execution
of the contract, and the balance of $8,000 upon the execution
and delivery by defendant to plaintiff of a deed, conveying
the title thereto, free and clear of all encumbrances, liens,
etc., together with an unlimited certificate of title of the
Title Insurance and Trust Company of Los Angeles showing
the title to the property to be vested in defendant free and
clear of such encumbrances, which deed, duly acknowledged,
so conveying said property, together with such certificate of
title, defendant covenanted and agreed to deliver to plaintiff
and place him in possession of the premises on or before
ninety days from the date of the execution of the agreement.
Plaintiff further agreed that at the time of making said pay-
ment of $8,000 he would also pay the charges of the Title
Insurance and Trust Company for making said certificate of
title. It was further stipulated that if plaintiff failed to
comply with the terms of the contract on his part, defendant
should be released from all obligation to convey the property,
and as to all acts and things to be done under the terms

of said contract by either party thereto time was the essence of the agreement.

Upon the execution of the agreement plaintiff paid to defendant the sum of $2,000, in accordance with the provisions thereof. Defendant did not deliver or tender any deed of conveyance of the property; whereupon plaintiff brought this suit to recover the $2,000 paid upon the execution of the contract. Judgment went for defendant, from which plaintiff prosecutes this appeal upon the judgment-roll, accompanied by bill of exceptions.

In addition to setting forth the terms of the contract, the payment of the $2,000 specified therein to be paid upon its execution, the neglect and failure of defendant to make conveyance of the property within ninety· days, or at all, as he agreed to do, the complaint alleges: That on December 14, 1905, plaintiff tendered to defendant the balance of the purchase price of $8,000, together with the sum of $350, which was the charge of the Title Insurance and Trust Company for furnishing the certificate of title, and demanded of defendant that he comply with the terms of his contract, but defendant refused so to do; that neither at the time of making the contract nor at any time thereafter did defendant have title to the property therein described, and that at no time since the date of the execution thereof was he able to procure from said Title Insurance and Trust Company a certificate of title showing the title to the property to be vested in defendant, free and clear of encumbrance; that on December 20th plaintiff made demand upon defendant that he return and repay to plaintiff said sum of $2,000 so paid as a part of the purchase price of the property, but this defendant also declined to do; all of which allegations, other than the demand for the return of the $2,000, which is not denied, the court found to be true.

The only allegations of the answer material to a consideration of the case are: That plaintiff did not, within ninety days from the date of the execution of the contract, make any tender to defendant of the balance of $8,000 due upon the purchase price thereof, or within said period perform or offer to perform the contract on his part. It is further alleged in the answer "that at no time has the said plaintiff ever rescinded the said agreement in writing, nor restored nor

offered to restore to defendant anything of value which he, the plaintiff, has received from the defendant under the said contract, nor has the said plaintiff ever reconveyed or offered to reconvey to defendant any interest which he has under said contract in any part of the lands described in said contract, nor has the said plaintiff ever canceled or offered to cancel or discharge the said contract or the record thereof''; which allegations of the answer the court found to be true.

From these findings the court found as a conclusion of law that plaintiff was not entitled to recover. In arriving at this conclusion the court erred.

Respondent contends that as time was made the essence of the agreement, and as plaintiff did not tender the balance due upon the purchase price, he was in default, and hence could not, in the face of such default, maintain an action to rescind the contract and recover what he had paid on account of the purchase price of the property. It is unnecessary to cite authorities in support of this proposition; it may be conceded. An analysis of the contract, however, fails to disclose any covenant made on the part of plaintiff as to the performance of which he was in default. The sole obligation imposed upon him was to pay the $8,000 and the cost of the certificate of title, but these sums were not payable within ninety days from the date of the execution of the agreement, *unless defendant performed his covenant to convey the property,* as well as perform other conditions of the contract, all of which the court finds he failed to perform. As defendant had the full period of ninety days within which to comply with the terms of the agreement, he could not be in default, and plaintiff could have no right to complain, until the expiration of such period. Therefore, as payment of such balance was due from plaintiff only upon *delivery of the deed conveying good title to the property,* and this was not done, it follows that there was no default on the part of plaintiff and no covenant on his part contained in the contract as to which the provision that time was the essence of the contract could apply.

Defendant having failed and refused to convey the property within the time specified and in accordance with his covenant, and as to which covenant time was expressly made the chief factor of importance, and plaintiff not being in

default, the latter had a legal right to disaffirm and insist upon the repayment of the money which defendant had received on account of the proposed sale which defendant refused to consummate.

Conceding, however, that plaintiff had such right, respondent insists that he was not entitled to recover by reason of the finding that plaintiff did not, prior to bringing his suit, rescind the contract and return what he had received of value from defendant, nor cancel or offer to cancel the contract. This appears to have been the theory upon which the learned trial judge disposed of the case.

A formal rescission was not a prerequisite to plaintiff's right to recover. The action is not based upon the contract, but is a suit to recover money paid where there has been a total failure of consideration. All that plaintiff received from defendant was a covenant to convey, within a specified period, certain lands free and clear of encumbrance, together with the delivery of a certificate of title of a designated title and insurance company showing title to such lands to be vested in defendant, who was to place plaintiff in possession thereof; as to all of which covenants the complaint alleged, and the court found, defendant was at the time of the execution of the contract, as well as at the time of the trial, wholly unable to perform. Plaintiff, therefore, received nothing of value from defendant, and hence there was nothing to restore. ''It was not necessary to return or offer to restore the contract as a condition precedent to the right to recover the money paid. The defendant's conduct was, in effect, a positive refusal under any circumstances to return the money already received, and this positive refusal relieved the other parties from the necessity of offering to return or cancel the contract prior to beginning the action.'' (*McDonald* v. *Pacific Debenture Co.*, 146 Cal. 668, [80 Pac. 1090].)   In *Russ Lumber & Mill Co.* v. *Land & Water Co.*, 120 Cal. 521, 527, [65 Am. St. Rep. 186, 52 Pac. 995, 997], it is said: ''Practically, there is no difference in the effect upon the contract between the successful defense of a plea of want or total failure of consideration, and the successful termination of an action to rescind it. In either case the contract is rendered incapable of enforcement, the judgment being a bar to any future action, so far at least as parties to the action, or those concluded

by it, are concerned. Where the failure of consideration is
total, as where nothing of value has been received by the
defendant under it and the plaintiff cannot perform it, no
notice of rescission is required, but the defendant may plead
want or failure of consideration." In discussing a similar
question in the case of *Richter* v. *Union Land etc. Co.*, 129
Cal. 373, [62 Pac. 40], the court expresses itself as follows:
"Nor, where the failure of the consideration is total—which
implies, of course, that nothing of value has been received
under the contract by the party seeking to rescind—is it
necessary that a formal rescission be made before bringing
suit. In such cases a suit may always be maintained for the
recovery of the consideration paid. (Citing cases.) Prac-
tically, there is no difference in the effect upon the contract
between the successful defense of a plea of a want or total
failure of consideration (or, it may be added, an action to
recover back the money paid on a contract of which the con-
sideration has wholly failed), and the successful termination
of an action to rescind it. In either case the contract is
rendered incapable of enforcement, the judgment being a
bar to any future action." In the case of *Clock* v. *Howard
& Wilson Colony Co.*, 123 Cal. 10, [69 Am. St. Rep. 17, 55
Pac. 716], the court, in discussing the remedies for a breach
of contract upon the part of the vendor, says: "Treating
the vendor's breach as an abandonment, he [the vendee] may
himself abandon it, when, the contract having thus come to
an end, he may sue at law to recover what he has paid, in an
action for money· had and received; for, the contract being
at an end, the vendor holds money of the vendee to which
he has no right, and to repay which, therefore, the law im-
plies his promise." (See, also, *Chatfield* v. *Williams*, 85
Cal. 518, [24 Pac. 839]; *Duncanson* v. *Walton*, 111 Cal.
516, [44 Pac. 174]; *Hooe* v. *O'Callaghan* (Cal. App.), 103
Pac. 175.)

Moreover, we are of the opinion that the facts alleged in
the complaint and admitted or found by the court to be true
constituted a rescission under subdivision 5 of section 1689
of the Civil Code. When defendant refused to perform the
covenants of the contract on his part, and plaintiff, instead
of asserting his rights thereunder, acquiesced in and assented
to such repudiation and demanded the return of the money

paid, such facts were sufficient to constitute a rescission of the contract by consent of the parties.

It, therefore, follows from what has been said that the finding of the court as to want of rescission on the part of plaintiff, as well as the fact that plaintiff, within ninety days following the execution of the contract, made no tender of the balance of the purchase price, are facts wholly immaterial and do not affect plaintiff's right to recover upon the findings herein.

Under the circumstances disclosed by the record, it would be grossly unjust and inequitable to permit defendant to retain the money so received, particularly in view of the fact that he has not parted with anything of value constituting a consideration for the $2,000, and could not compel specific performance against plaintiff on account of being unable to comply with his part of the contract. "In such a case, there is a complete failure of the consideration, and the vendor has no more right to keep the purchaser's money, than he would have to compel specific performance of the contract." (Maupin on Merchantable Title to Real Estate, sec. 238a.)

The judgment is reversed and the cause remanded, with instructions to the trial court to render judgment upon the findings in favor of plaintiff in accordance with the prayer of his complaint.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1909.