[Civ. No. 1332.   First Appellate District.—July 1, 1914.]

## CLEM H. SEALS et al. Respondents, v. O. W. DAVIS, Appellant.

VENDOR AND VENDEE—RESCISSION BY VENDOR—ACTION BY VENDEE TO RECOVER MONEY PAID—PAROL EVIDENCE OF WAIVER AND ESTOPPEL.—Where the vendees under a contract to purchase real estate bring an action to recover the money they have paid, on the ground that the vendor has rescinded the contract, they may introduce parol evidence to show a waiver by the vendor of performance of certain provisions of the contract and an estoppel against his claim of forfeiture.

ID.—PLEADING—COMPLAINTS STATING TWO CAUSES OF ACTION—FINDINGS.—If in such action the complaint contains two counts, the first alleging that the plaintiffs have performed all the obligations on their part under the contract and that the defendant has sold the property to a third person without any default on their part, and the second in the form of a common count for money had and received, the question whether a finding that the averments of the first count are true is supported by the evidence becomes immaterial in the presence of proofs of the second cause of action.

ID.—RESCISSION OF CONTRACT—ACTION FOR MONEY HAD AND RECEIVED.—When a vendee seeks to recover money he has paid upon a contract of sale which the vendor has attempted to rescind, he may accept such rescission, and bring his action in the form of the common count for money had and received by the vendor to his use and benefit.

ID.—WAIVER AND ESTOPPEL—PLEADING AND PROOFS.—In such an action the plaintiff is not bound to anticipate the defendant's plea of his

right to work a rescission of the contract, with the resultant right of forfeiture of the payments which were made under its terms, based upon the plaintiff's failure to perform certain of its conditions, and to plead in advance of these affirmative defenses matter of waiver or estoppel; but the plaintiff may rely upon the replications which the code makes for him, and proffer his proof of waiver or estoppel upon the trial of the case.

ID.—ESTOPPEL OF VENDOR—SUFFICIENCY OF EVIDENCE—MATERIALITY OF FINDING.—In this action by vendees to recover money they have paid, on the ground that the vendor has rescinded the contract of sale, there is sufficient evidence to have justified the trial court in finding that the defendant was estopped by his own acts and conduct, especially with reference to the matters referred to in his letter regarding the placing in escrow by the plaintiffs of their quitclaim deed to the property, and hence that the defendant could not be heard to assert that the plaintiffs had not performed the conditions of the contract to be by them performed; and if this be true, the finding of the court as to whether the plaintiffs had or had not performed the conditions of the contract becomes an immaterial factor in the case.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

M. B. Harris, and L. L. Cory, for Appellant.

Geo. Cosgrave, and L. B. Hayhurst, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs for the recovery of the sum of one thousand two hundred and fifty dollars, claimed to be due from the defendant as the result of the rescission of a contract for the sale of a certain piece of real estate by the defendant to the plaintiffs, the amount so recovered by the plaintiffs being the first payment made by them on account of said transaction.

The evidence, which is practically uncontradicted, shows the following state of facts: On April 10, 1911, the plaintiffs and the defendant entered into a contract for the purchase and sale of a tract of land, embracing eighty acres and lying in Merced County, for the purchase price of six thousand dollars, of which the plaintiffs were to pay, and did pay, the sum of one thousand two hundred and fifty dollars cash.

They also assumed the payment of an outstanding lien of one thousand six hundred dollars, secured by a deed of trust upon the property executed by the seller, and bearing interest at six per cent per annum. The balance of the purchase price was to be paid in annual installments of five hundred dollars each, beginning March 15, 1912. There were also certain water assessments accruing during 1911, which the purchasers agreed to pay. In case of default of any payments to be made under the contract, the seller could declare the contract at an end and retake possession of the property, in which case all payments which had been made by the purchasers were to be retained by the seller as reasonable compensation for the use and rental of the property during its incumbency by the purchasers. The plaintiffs took possession of the land in April, 1911, and remained until the fall; but apparently did not make much of a success at farming, and hence were not able to make the payments of interest upon the obligation secured by the deed of trust and of the water assessments, and were on the point of leaving the property when the parties to the contract met and, according to the plaintiffs' testimony, had an oral agreement, by which the defendant was to keep the interest on the trust-deed and the water assessments paid up until the following March, and that the plaintiffs were not to be in default until that time. That some such arrangement was made can be gathered from the terms of a letter which the defendant wrote the plaintiffs during October, 1911, which contained the proposition that the plaintiffs should execute a release of their contract and place the same in escrow with a Fresno bank, in consideration of which they were to have possession of the land until the following March in order to allow them to dispose of the property and get their money out of it. Upon receipt of this letter the plaintiff C. H. Seals saw the defendant and agreed to its terms. It was understood that the defendant was to have his own lawyer draw up the form of the document to be placed in escrow, and he got from the plaintiffs their copy of the original contract for that avowed purpose. Thereafter on several occasions during the next few weeks the plaintiff C. H. Seals came to Fresno and saw the defendant with respect to having the escrow papers signed, but the defendant put him off on various pretexts, and quieted his fears of losing his interest in the land by assuring him that he could not be

beaten out of what interest he had in it so long as his name
was on the contract. The plaintiffs also wrote the defend-
ant one or possibly two letters in regard to the papers so
to be prepared and signed, but got no reply; and finally
during December came over from Coalinga, where they were
living, and met the defendant, when he told them that he
would have nothing more to do with them, and when they
also learned that he had sold the property to another pur-
chaser for a larger sum than their original purchase price.
Thereupon they brought this action.

There are some slight conflicts in the evidence with refer-
ence to the foregoing facts, but these were resolved by the
lower court in favor of the plaintiffs, and with its discretion
in that respect we shall not undertake to interfere.

The first contention of the appellant relates to the alleged
error of the court in the admission of the testimony of the
plaintiffs with respect to the oral understandings with the de-
fendant affecting their liability under the written contract,
and referring especially to the time of performance of cer-
tain of its obligations. It is the theory of the appellant that
this oral evidence was offered in an effort to change or modify
the terms of a written contract, and that it was inadmissible
for such purpose under many authorities cited by his counsel,
stating well established rules of law. There can be no quarrel
with the authorities cited by appellant to sustain this legal
proposition; but the difficulty lies in the fact that the evi-
dence was not offered or admitted for the purpose indicated
by appellant, but was offered by the respondents, and prop-
erly admitted by the court, as evidence tending to show that
the appellant had waived the performance of those portions
of the plaintiffs' obligation under the written contract, the
failure to do which was later held by the appellant to have
put them in default; and also as evidence of acts and conduct
on the part of the defendant which, if true, would operate
as an estoppel to his claim of forfeiture of the plaintiffs' first
payment under such contract, based upon their default in the
performance of its terms. It requires no authorities to sus-
tain the proposition that the proof of such waiver and estoppel
may be made by parol.

The plaintiffs brought their action in two counts, the first
of which was based upon allegations to the effect that the
plaintiffs had performed all the obligations of the written

contract to be by them performed; and that the defendant, having attempted to work a rescission of the contract through the sale of the property to a third person, in the absence of any default on their part, the plaintiffs were entitled to accept such rescission and bring suit to recover their payment. The second alleged cause of action was in the form of a common count for money had and received by the defendant to the plaintiffs' use. The appellant contends that the findings of the court to the effect that the averments of the first count were true, was not supported by the evidence. This might seem to raise the question as to whether proof of the waiver of certain terms and conditions of the contract would operate to justify a finding that the plaintiffs had performed such obligations. But conceding this to be true under the cases cited by appellant, the presence and proofs of the plaintiffs' second cause of action would seem to make that question immaterial to this case; for even if the court erred in its aforesaid finding as to the facts proven in support of the first count, its judgment will still be sustainable under the second count based, as it evidently is, upon the accepted proofs of the plaintiffs establishing a waiver of their unperformed obligations, and an estoppel against the assertion of their default therein by the defendant as a ground of forfeiture of the money payment which the plaintiffs seek to recover. In this connection, however, the appellant urges that the plaintiffs were not entitled to offer proof of either a waiver of their unfulfilled obligations under the contract, or of the estoppel of the defendant's right to insist upon them, because of the plaintiffs' failure to tender either of these issues by direct averments in their complaint. The answer to this proposition again is that in the second count of the plaintiffs' complaint consists the saving grace of their pleading. When a plaintiff seeks to recover money which he has paid upon a contract which the defendant has attempted to rescind, he may accept such rescission, and bring his action in the form of the common count for money had and received by the defendant to his use and benefit. (*Glock* v. *Howard etc. Co.*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Duncanson* v. *Walton*, 111 Cal. 516, [44 Pac. 174]; *Joyce* v. *Shafer*, 97 Cal. 335, [32 Pac. 320]; *Chatfield* v. *Williams*, 85 Cal. 518, [24 Pac. 839]; *Carter* v. *Fox*, 11 Cal. App. 67, [103 Pac. 910].) In such an action the plaintiff is not bound

to anticipate the defendant's plea of his right to work a rescission of the contract, with the resultant right of forfeiture of the payments which were made under its terms, based upon the plaintiff's failure to perform certain of its conditions, and to plead in advance of these affirmative defenses matter of waiver or estoppel; but in such a case the plaintiff may rely upon the replications which the code makes for him; and proffer his proof of waiver or estoppel upon the trial of the case. (Sutherland on Code Pleadings, sec. 235 and cases cited.) In the case at bar there is sufficient evidence to have justified the court in finding that the defendant was estopped by his own acts and conduct, especially with reference to the matters referred to in the letter of the defendant regarding the placing in escrow by the plaintiffs of their quitclaim deed to the property, and hence that the defendant could not be heard to assert that the plaintiffs had not performed the conditions of the contract to be by them performed; and if this be true, the finding of the court as to whether the plaintiffs had or had not performed the conditions of the contract becomes an immaterial factor in the case.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.