[Civ. No. 3916.   First Appellate District, Division One.—August 31, 1921.]

## JOHN PELOIAN et al., Respondents, v. P. H. WALD-MAN, Appellant.

[1] VENDOR AND VENDEE—RESCISSION BY VENDOR—HOW EFFECTED—RIGHT OF VENDEE TO RETURN OF MONEY PAID.—It is not necessary for the vendor to use the word "rescind" in order to accomplish what is meant by that term, but any appropriate words, or any definite acts by which a vendor indicates that he will not further proceed with the fulfillment of the contract, and that he will not permit the vendees to proceed further with the performance of the obligation on their part to be performed, will be taken to amount to a rescission, or an abandonment of the contract, so far as the vendor is concerned, and will be held to entitle the vendees not in default to their choice of remedies for the breach, one of which is to sue for the return of the money already paid on the contract.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Williams & Fenstermacher for Appellant.

C. K. Bonestell for Respondents.

WASTE, P. J.—The plaintiffs brought this action in *assumpsit* to recover one thousand dollars alleged to have

been received by the defendant for their use. The defendant answered, denying the indebtedness, and by way of a further defense set up a contract for the purchase and sale of real estate, entered into by the plaintiffs, the payment of one thousand dollars as a deposit and part of the purchase price, the violation of the terms of the agreement on the part of the plaintiffs, and the retention by defendant of the one thousand dollars as liquidated damages because of the breach of the contract. The lower court found the facts to be as alleged in the answer, except that it determined that it was the defendant who breached the agreement for the purchase of the real property, and that it was he who had not performed the conditions of the contract. It held that plaintiffs were entitled to recover the money paid, and entered judgment accordingly. Defendant has appealed.

The facts upon which the court based its decision are few and without apparent conflict. On December 20, 1919, through the medium of a real estate agent, the plaintiffs entered into an agreement with the defendant for the purchase by them from him of twenty acres of land in Fresno County, together with sundry personal property, for the sum of twenty-one thousand dollars, one thousand dollars of which was paid in cash, the receipt of which was acknowledged by the defendant, the balance to be paid in accordance with the terms of the memorandum of agreement prepared by the real estate agent, which was in writing, approved and accepted by both plaintiffs and defendant. The memorandum called for a further payment of three thousand five hundred dollars and a note for one thousand dollars, on delivery of a contract setting forth certain covenants and conditions upon which the sale was to be made, and provided that a contract for a deed in the usual form, and containing the usual clauses, warranties, and covenants between the vendor and vendees, should be executed. The contract was also to provide that the payments for the land should be made by the retention by the vendor of sixty per cent of all crops produced on the land until such time as the balance of the purchase price, fifteen thousand five hundred dollars and interest, should be paid.

Several proposed contracts were drawn by the defendant and submitted to the plaintiffs, all of which contained provisions objectionable to them and not in keeping with the terms of the memorandum. Plaintiffs refused to sign. On January 20, 1920, the defendant presented another contract, signed by himself and wife, to the plaintiffs and at the same time delivered to them a written notice, which required them to sign the proposed agreement by 6 o'clock of that day. Failure to comply with the demand, the notice stated, was to be construed as a breach of plaintiff's offer to purchase, and the one thousand dollars deposit would thereupon be forfeited as liquidated damages. This contract, like the others tendered by the defendant, contained additional covenants not provided for by the preliminary agreement and not in accordance with its terms. One of these conditions required that the 1920 crop of raisins grown on the premises should be delivered to the California Associated Raisin Company, instead of being applied in payment of the purchase price. Another provision of the tendered contract was that the land was sold subject to a crop mortgage for three hundred dollars, also subject to an agreement between the seller and one Peter Musto, the exact nature of which does not clearly appear in the proposed agreement, but which is foreign to the terms of the memorandum. The provision for the payment of taxes was not in accord with the original understanding. The plaintiffs refused to sign the agreement upon the ground that the objectionable features not contemplated by the original agreement were included, and demanded a return of their deposit. Defendant took the stand that the contract was at an end, and retained the money. The lower court found that the acts of the appellant amounted to such a withdrawal of his acceptance of the offer of the respondents as to entitle them to the return of the money paid as a deposit and part payment on the purchase price. It held, in effect, that the contract was rescinded by the appellant. Its conclusion, we think, was correct.

[1] It was not necessary for the appellant to use the word "rescind" in order to accomplish what is meant by that term. Any appropriate words, or any definite acts by which a vendor indicates that he will not further

proceed with the fulfillment of the contract, and that he will not permit the vendees to proceed further with the performance of their obligation on their part to be performed, will be taken to amount to a rescission, or an abandonment of the contract, so far as the vendor is concerned, and will be held to entitle the vendees not in default to their choice of remedies for the breach, one of which is to sue for the return of the money already paid on the contract. (*Pearson* v. *Brown,* 27 Cal. App. 125, 131, [148 Pac. 946].) The money paid as a deposit, or even "as a forfeit," remains in the hands of the vendor as money had and received to the use of the vendees, subject to be recovered by them in an appropriate action for that purpose. (*Cleary* v. *Folger,* 84 Cal. 316, 321, [18 Am. St. Rep. 187, 24 Pac. 280]; *Drew* v. *Pedlar,* 87 Cal. 443, 452, [22 Am. St. Rep. 257, 25 Pac. 749]; *Heilig* v. *Parlin,* 134 Cal. 99, 102, [66 Pac. 186]; *Burmester* v. *Horn,* 35 Cal. App. 549, 552, [170 Pac. 674].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.