[Civ. No. 3792. Second Appellate District, Division Two.—March
26, 1923.]

## CORNELIUS DE BAKCSY, etc., Respondent, v. THOS. STRAIN, Jr., etc., Appellant.

[1] CONTRACTS—SALE OF GRAPES—DELIVERY—EVIDENCE—FINDINGS.—
The contract for the sale of grapes having provided that they
should be delivered on board cars at either of two designated dis-
tricts, and that the bills of lading might be delivered to the
vendee's representative at either of two designated towns, the testi-
mony by the vendee that he did not receive any grapes or bill of
lading from the vendor, coupled with his testimony that he did
not talk to the vendor or write to him during the year the grapes
were to have been delivered, did not justify the finding of the
trial court to the effect that the vendor failed and refused to
deliver the grapes or the bill of lading therefor to the vendee or
his agent, or that the vendee demanded delivery of the grapes.

[2] ID. — DELIVERY OF BILL OF LADING — TIME — PAYMENT.—Where a
contract for the sale of grapes in one part provides that the bills

of lading shall bo surrendered "on payment for car," and later therein contains a provision that the balance of the purchase price, after the payment required to be made at the time of the execution of the contract, "shall be payable on surrender of B/L" by the seller to the buyer the seller must offer the bills of lading to the buyer, whereupon he is entitled to receive the balance of the purchase price, that is, the parties are to perform their respective parts concurrently.

[3] ID.—MATURING OF CROP—ADMISSION OF INABILITY TO PERFORM—TENDER.—The contract of sale having provided that delivery of the grapes should commence as soon as they were properly matured, and the answer of defendant having admitted that the grape crop for that year had matured, as alleged in the complaint, before the bringing of plaintiff's suit to recover the money paid on account of the purchase price, after default in delivery by defendant, a tender by plaintiff (the vendee) was unnecessary.

[4] ID.—BREACH BY VENDOR—ABANDONMENT—RECOVERY OF PAYMENTS. Upon the breach of an executory contract by the vendor, the vendee may treat the vendor's breach as an abandonment, and then he may abandon it and sue to recover what he has paid in an action for money had and received.

[5] ID.—FAILURE OF CONSIDERATION—DEFAULT—RESCISSION—TENDER. Where there is a total failure of consideration for an executory contract of sale, and the vendee has received nothing of value and the vendor has become unable to perform, no formal rescission is required, and the vendee is not required to offer to perform in order to place the vendor in default.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank C. Prescott, Prescott & Prescott and Frank G. Falloon for Appellant.

Harold E. Thomas for Respondent.

CRAIG, J.—This is an appeal from a judgment rendered against the defendant. The parties entered into two written contracts for the sale to plaintiff by defendant of Muscat grapes. At the time of the execution of each contract plaintiff paid defendant two hundred dollars as part of the purchase price. Upon the trial these facts were shown. No evidence was offered for the defense. The action is for money had and received and the findings are of the facts

customarily found in such actions where judgment is for the plaintiff.

Appellant contends, as he did upon the trial, that the evidence does not sustain the findings and that the facts proved fail to make a *prima facie* case against him. The contracts are identical in form. Those portions of them which are relevant here are as follows:

"This Agreement, Made and entered into this 8th day of July, 1920, by and between National Fruit Exchange of Los Angeles, Cal., the party of the first part, and Hungarian Grape and Fruit Co., party of the second part—

"Witnesseth: That the said party of the first part agrees to sell and deliver to the said party of the second part One carload of Muscat Grapes, to be delivered by the party of the first part to the party of the second part on board cars at Hanford or San Bdo Districts and Bill of Lading to be surrendered by the said party of the first part to the second party's representative at Fresno or Los Angeles on payment for car. . . .

"The purchase price agreed to be paid by said party of the second part to said party of the first part for the aforesaid grapes in the sum of Eighty-six ($86.00) Dollars per ton, f. o. b. shipping point, payment to be as follows:

"Two Hundred Dollars ($200.00) per car or a total of Two Hundred Dollars on the execution and delivery of this agreement, receipt of which is hereby acknowledged.

"The balance of the purchase price for each car, after deducting said sum of Two Hundred Dollars ($200.00) on each car aforesaid, shall be payable on surrender of B/L by party of the first part to party of the second part.

"Shipments to commence as soon as Grapes are properly matured for Eastern shipment, and to continue daily."

[1] Among the findings claimed by appellant to be unsupported by the evidence are the following: "III. The court finds . . . that defendant agreed to deliver said car on demand and as soon as grapes were properly matured for shipping; that plaintiff has never received said car of grapes and no bill of lading for said car has ever been offered to plaintiff covering said car of grapes; . . . that defendant refused to and is unable to deliver to plaintiff any Muscat grapes. IV. That defendant has at all times since the execution of said contract failed and refused to

deliver said car of grapes or said or any bill of lading for said car of grapes to plaintiff or the or any agent of plaintiff; that plaintiff after muscat grapes were matured demanded the delivery of said car of grapes and that said car was not delivered to plaintiff and no bill of lading was ever tendered to plaintiff therefor.''

We think the contention of the appellant in this behalf must be upheld. The evidence introduced in the instant case was extremely meager. There was no testimony concerning the matter of delivery. The nearest and only approach to information supplied the court on this point was the statement of the witness De Bakcsy that he did not receive any grapes or bills of lading from the defendant during the year 1920; and further, that Thomas Strain did not talk to the witness or write to him during the year 1920. But the contract provides that the grapes shall be delivered on board cars at Hanford or San Bernardino districts, and to say that the witness did not receive the fruit is entirely insufficient to prove default in complying with the condition for delivery on board cars.

The agreement concerning the bills of lading is that they might be surrendered to the vendee's representative at Fresno or Los Angeles. The contract contemplates that the vendee had such a representative and this fact appears affirmatively from a mere reading of the instrument. No attempt was made to show that the surrender of the bills of lading was not made under this provision. So that for all that is disclosed by the record the grapes may have been delivered f. o. b. cars and the bills of lading surrendered to the vendee's representative as expressly stipulated.

Objection was made to the testimony of the witness De Bakcsy above quoted, but for the purpose of this decision we have assumed that such evidence was properly admitted.

In view of the expectancy of a retrial, it is necessary to discuss other points argued. [2] The contracts are executory and contemplate two things to be done by the seller, to wit, the delivery of two carloads of grapes, and the surrender of the bills of lading. They require the buyer to pay a stipulated price. There is no room to doubt that the balance not paid upon the execution of the contracts was to be paid concurrently with the surrender of the bills of lading. In one part of the contract it is provided that

the bills of lading shall be surrendered "on payment for car." Later we find the provision that the ·balance of the purchase price "shall be payable on surrender of B/L by party of the first part to the party of the second part." Reading these provisions together and considering the circumstances involved in such a sale, the intent seems to have been that the seller should offer the bills of lading to the buyer, whereupon he should be entitled to receive the balance of the purchase price, that is, the parties were to perform their respective parts concurrently.

[3] Appellant's answer admits that the Muscat grape crop for 1920 had matured, as alleged in the complaint, before the bringing of suit. This fact is important for it results from it that, if upon another trial the vendor's default should be shown, a tender by the vendee, before bringing suit, became unnecessary because it would have been futile. The time had passed in which the vendor could comply with the contract. This element places this case in the same class as *Carter* v. *Fox,* 11 Cal. App. 67 [103 Pac. 910].

Nothing is shown to have been done by either party except the payment by the vendee of four hundred (400) dollars. The vendee received nothing, and hence had nothing to return. Under such circumstances he is entitled to bring an action for the recovery of the sum paid as money had and received by the vendor, providing the vendor's default be established.

[4] The rule is well settled in this state as announced in *Glock* v. *Howard, etc. Co.,* 123 Cal. 10 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 716], that upon breach of an executory contract by the vendor the vendee may treat the vendor's breach as an abandonment, and then "he [the vendee] may abandon it, and sue to recover what he has paid in an action for money had and received."

By instituting this action to recover the consideration paid to the appellant the respondent has rescinded the contract, as he had a right to do, if the allegations of his complaint be true. Subdivision 4, section 1689, of our Civil Code provides: "A party to a contract may rescind the same in the following cases only: If such consideration, before it is rendered to him, fails in a material respect, from any cause." (*Richter* v. *Union Land and Stock Co.,* 129 Cal.

367 [62 Pac. 39].) **[5]** Where there is a total failure of consideration for an executory contract, and the vendee has received nothing of value and the vendor has become unable to perform, no formal rescission is required. (*Grotheer* v. *Panama Pacific Land Co.,* 41 Cal. App. 19 [181 Pac. 667]; *Carter* v. *Fox, supra.*) Another case which holds that under such circumstances an action for money had and received is an appropriate remedy is *Fontaine* v. *Lacassie,* 36 Cal. App. 175 [171 Pac. 812].

This is not such a case as *Hanson* v. *Slaven,* 98 Cal. 377 [33 Pac. 266], where the mutual covenants of the parties were concurrent, and there was no evidence of lack of continued ability on the part of the vendor to comply with his part of the contract by delivering stock, and therefore it was held that either must offer to perform in order to place the other in default.

Because the evidence is insufficient to support the findings in the particulars pointed out the judgment is reversed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1923.