[Civ. No. 6409. First Appellate District, Division One.—July 15, 1929.]

JOHN N. ABNEY et al., Respondents, v. BELMONT COUNTRY CLUB PROPERTIES, INC. (a Corporation), Appellant.

Hankins & Hankins for Appellant.

J. E. McCurdy and Julian H. Biddle for Respondents.

THE COURT.—This action was brought to recover the amount paid on the purchase price of certain real property which plaintiffs agreed to buy from defendant corporation. The agreement was in writing and was dated June 22, 1926. The purchase price was $2,875, of which $720 was paid, the balance being payable in installments of $50 each month with interest. Title to the property was retained by defendant, whose selling agent in the transaction was Monroe, Lyon & Miller Inc., also a corporation. The plaintiffs alleged that the execution of the contract and the payment made as above were induced by defendant's promise to resell the property within thirty days at a price fixed by the parties in excess of the purchase price, and the representation that the defendant would require no further payments from plaintiffs; that on August 20, 1926, defendant waived in writing all further payments under the contract and the right therein provided to cancel the same for any delinquency in that regard; that contrary to this agreement defendant failed to resell the property, made demands for further installment payments thereon, and on February 28, 1927, notified the plaintiffs that it elected to cancel the contract and declare forfeited the amount paid by them. These allegations were denied. The trial court found for the plaintiffs and entered judgment for the recovery of the amount paid with interest thereon and costs of suit.

Defendant contends that the findings are unsupported and that these in turn do not support the judgment; that the decision is against law; that the court erred in admitting certain evidence over objection, and that the judgment for costs was improper.

In response to complaints by plaintiffs, one R. K. Reidford conferred with their representative, and on August 20, 1926, indorsed upon the contract of purchase held by them the following: "Further payments a/c of principal or interest in the above are hereby waived.—M. L. & M. by R. K. Reidford." "We waive right to cancel for delinquency. R. K. Reidford."

Evidence of a waiver by the vendor of performance of such provisions of the contract was admissible (*Seals* v. *Davis*, 25 Cal. App. 68 [142 Pac. 905]); and while it is not contended that Reidford was without authority to

act for Monroe, Lyon & Miller Inc., it is claimed that the indorsements were not binding upon the defendant.

■ The evidence shows that L. G. Monroe, by whom the sales contract was signed as president of defendant corporation, also represented officially its corporate agent. Moreover, it appears that the offices of the two corporations were at the same address, and that the demands for payment addressed to plaintiffs bearing date August 25, September 21 and November 7, 1926, respectively, none of which were signed, were headed as follows:

"Belmont Country Club Properties, Inc.
"Monroe, Lyon & Miller Inc.
"65 Sutter street."

According to the plaintiffs, Reidford, at the time the indorsements were made upon the contract, and in response to their inquiry as to why the name of the defendant, rather than the agent corporation, was indorsed thereon, declared that the defendant corporation was owned by Monroe, Lyon & Miller Inc., and on December 31, 1926, the plaintiffs, in a letter directed to defendant after their receipt of the demand last mentioned, stated that Reidford, on its behalf, had waived further payments, together with the right to cancel the contract. The asserted authority of Reidford was not denied by defendant then or in its subsequent letters to the plaintiffs; and notwithstanding that the relationship between the corporations themselves and with those purporting to represent them was a matter peculiarly within the knowledge of the defendant, it failed to produce any evidence on this or any other issue at the trial. The inference from the evidence adduced by the plaintiffs, together with defendant's failure to rebut the same—which presumably it would have done had the facts been favorable— support the implied conclusion of the trial court that the defendant was but the instrumentality of Monroe, Lyon & Miller Inc., and that the acts of the latter through its agent were those of the defendant. ■ Where such facts appear, both law and equity will, when necessary to protect the rights of third persons, disregard the legal fiction that the two corporations are distinct entities, and treat them as identical (*Wenban Estate, Inc.*, v. *Hewlett*, 193 Cal. 675 [227 Pac. 723]; *McCormick Saeltzer Co.* v. *Grizzly etc. Co.*, 74 Cal. App. 278 [240 Pac. 32]). ■ We conclude, there-

fore, that the waiver indorsed upon the contract by Reidford was binding upon the defendant; and that the latter having in violation thereof notified the plaintiffs of its determination to cancel the contract and retain the amount paid thereon, the plaintiffs were justified in treating it as abandoned by defendant and suing to recover the amount they had paid (*Smith* v. *Jaccard*, 20 Cal. App. 280 [128 Pac. 1023, 1026]; *McNeil* v. *Kredo*, 31 Cal. App. 76 [159 Pac. 818]; *Seals* v. *Davis, supra; Peloian* v. *Waldman*, 54 Cal. App. 116 [201 Pac. 344]). ▇ Nor was a formal rescission or a notice of their election to rescind a prerequisite. They had received nothing of value, and as to them there was an entire failure of consideration. Under such circumstances no notice of rescission or offer to restore was necessary before bringing suit (*Orton* v. *Privett*, 202 Cal. 754 [262 Pac. 713]; *Mahoney* v. *Standard Gas etc. Co.*, 187 Cal. 399 [202 Pac. 146]; *Richter* v. *Union Land Co.*, 129 Cal. 367 [62 Pac. 39]; *Larkin* v. *Mullen*, 128 Cal. 449 [60 Pac. 1091]; *Kelley* v. *Owens*, 120 Cal. 502 [47 Pac. 369, 52 Pac. 797]; *De Bakcsy* v. *Strain*, 61 Cal. App. 518 [215 Pac. 105]; *Shull* v. *Crawford*, 33 Cal. App. 36 [164 Pac. 330]; *Carter* v. *Fox*, 11 Cal. App. 67 [103 Pac. 910]). ▇ Neither was it essential that they allege and prove that they were ready, able and willing to carry out the contract (*Merrill* v. *Merrill*, 102 Cal. 317 [36 Pac. 674]).

We agree with appellant that the evidence was insufficient to support a finding of fraud in connection with the sale of the property to plaintiffs; nor does it appear that the promise to resell was made without the intention to perform. Nevertheless, defendant recognized its obligation in the latter respect and that the plaintiffs had ground for complaint. The waiver mentioned was shown to have been made for that reason, and the attempt by defendant to terminate the rights of plaintiffs notwithstanding the waiver furnished sufficient ground for rescission by the latter.

▇ The contract signed by plaintiffs with the defendant made no provision for the resale of the property by the latter; and it was provided therein that "to avoid misunderstandings it is understood by both buyer and seller that this signed agreement contains all the agreements, expressed or implied, between the parties. . . ." On the same date, however, plaintiffs authorized Monroe, Lyon & Miller

Inc., to make such sale, no time therefor being specified except that the authorization should remain in force sixty days from date and thereafter until revoked in writing. Defendant contends that in view of the above the trial court erred in admitting parol evidence of promises by the selling agent that a resale would be made within thirty days. The admission of this testimony, if erroneous, was not prejudicial as it could not have changed the result of the trial. Furthermore, it explained the reason for the waiver by defendant of its right to cancel for failure to make the payments, the violation of which waiver, as stated, gave the plaintiffs the right to maintain their action.

The decision and judgment in the action, which were filed on November 22, 1927, awarded the plaintiffs the sum of $15 as costs. The record shows that their cost bill was filed on November 18, 1927. This was premature (*Sellick* v. *De Carlow,* 95 Cal. 644 [30 Pac. 795]; *Gale* v. *Dixon,* 91 Cal. App. 529 [267 Pac. 342]); and while no motion to strike the memorandum from the files was made, the judgment to the extent of the costs awarded therein was erroneous on its face and should be modified. (*Quitzow* v. *Perrin,* 120 Cal. 255 [52 Pac. 632]; *White* v. *Gaffney,* 1 Cal. App. 715 [82 Pac. 1088].) With the above exception we find no merit in the appeal.

It is therefore ordered that the judgment be modified by deducting therefrom the sum of $15, and as so modified it is affirmed. It is further ordered that respondents recover their costs on appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 12, 1929.

All the Justices present concurred.