[Civ. No. 5451. Third Appellate District.—March 19, 1936.]

JAMES L. CRAWFORD, Respondent, v. HAZEL K. SUMMERS, Appellant.

HAZEL K. CRAWFORD, Appellant, v. JAMES L. CRAWFORD, Respondent.

Crail, Shutt & Crail for Appellant.

Samuel H. French and Hyams & Himrod for Respondent.

THE COURT.—These causes are consolidated on this appeal.

The first is an appeal by the defendant from a decree ordering a reconveyance of property fraudulently acquired by her through marriage under false representations that she had been divorced from a former husband.

The second is an appeal from a judgment refusing to grant partition of real and personal property.

Owing to the fact that the cross-complaint in the first cause seeks the same relief involved in the second, all questions are presented in the cause first appealed. The matter has been briefed upon this theory, and this opinion will follow the same course.

The parties to the actions went through the legal form of a marriage ceremony in August, 1930. Prior to the ceremony, defendant told plaintiff that she had been married to one Summers, but had obtained a divorce from him in Chicago. About one month prior to the filing of this action plaintiff discovered that an interlocutory decree of divorce from Charles Summers had been granted defendant in Los Angeles County, and that no final decree of divorce had ever been entered in said action. When defendant appeared at the office of the county clerk of Orange County, in connection with the application for a marriage license, she stated that she had previously been married to one Charles M. Summers, but had been divorced. Plaintiff testified that shortly before their marriage ceremony was performed, defendant told him she was divorced.

During the time they were living together, after said ceremony, plaintiff caused to be purchased certain parcels of real property, shares of corporate stock, and an automobile. The consideration for these purchases was furnished entirely by plaintiff. Title was taken in the names of plaintiff and defendant as joint tenants. Plaintiff also loaned defendant $1200, and took her note for that amount. This note was destroyed by plaintiff before the parties separated.

Several causes of action were set forth in the complaint, though they were not separately stated. The trial court found for plaintiff on only one cause of action,—that which charged defendant with falsely and fraudulently representing and stating to plaintiff that she had been divorced. The court found that "she (defendant) made such representations as to her having been divorced from said Summers by positive assertion, in a manner not warranted by her information, and that the same was not true". It is further found that plaintiff believed such representations and consented to marry on the strength thereof; that the transfer of said property to defendant was made on the belief that she was his lawful wife. A decree was entered declaring the marriage null and void; that defendant held said property in trust for plaintiff, and directing her to reconvey the same to plaintiff. The decree also reinstated the $1200 note which plaintiff had destroyed, and gave him judgment for the amount of the same. Relief was denied defendant on her cross-complaint for partition. In the second cause brought by the wife for partition, the judgment was that plaintiff take nothing.

The only contention made by appellant which has any semblance of merit is the failure of the evidence to sustain the findings. An examination of the record discloses that the trial court had ample justification in the evidence for its finding that plaintiff was induced to marry defendant through her fraudulent representation that she was divorced. She told plaintiff that she was divorced in Chicago, whereas she was granted an interlocutory decree in Los Angeles County. In making the application for marriage she stated to the county clerk in the presence of plaintiff that she had been divorced. In her verified answer she set up the defense that the marriage "was entered into in good faith and relying upon the belief that her previous marriage had been dissolved by a final decree of divorce, and that she was within her

legal rights in entering into a subsequent marriage". At the trial it was stipulated that if her former attorney in the divorce action against Summers were called as a witness he would testify as follows: "That after he had secured the interlocutory decree he told Mrs. Summers (defendant herein) that he would not enter the final decree or cause it to be entered until instructed to do so by her; that she told him she had no intention of remarrying and when she wanted the final decree entered she would notify him, and that he had never heard from her since." Confronted with this testimony, defendant took the position that she was under the impression "that after the year had passed, it (the final decree, presumably) was automatically entered". In addition to evidence of this character, the trial court had an opportunity to observe the conduct and demeanor of defendant while on the witness stand, and we are not at liberty to disturb this finding of fact under such circumstances.

It is contended that the court did not place the wife in *"status quo"*, this being an equitable proceeding. It is not contended that the wife, when she received the property, parted with anything of *value*. No suggestion is made as to *what* should be restored. Plaintiff had the right to assume that he was receiving the love and affection of a lawful wife. This he did not receive. In an action to cancel a transfer of property acquired through the fraud of the grantee, no offer to restore is necessary where nothing of value has been received by the grantor. (*Abney* v. *Belmont Country Club Properties*, 100 Cal. App. 12, 16 [279 Pac. 829].) This is a familiar rule which requires no further authorities. The point is without merit.

Several other contentions are made as grounds for reversal. We have carefully examined them, and find that they lack any substantial merit.

The judgment in each cause is affirmed.